Matthew SMITH

v.

UNITED STATES of America.

No. 14867.

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1954.

2. Rosenberg v. United States, 10 Cir., 120 F.2d 935, 937.

3. Morgan v. United States, 10 Cir., 159 F.2d 85, 87.

Herndon H. Wilson, James E. Moore, Mobile, Ala., for appellant.

Keener T. Blackmarr, Asst. U. S. Atty., Percy C. Fountain, U. S. Atty., Mobile, Ala., for appellee.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is a case in which the fact of trial of the accused without aid of counsel is claimed to place on this Court the duty, in effect, to pass on all alleged errors occurring on the trial that might have been prevented by proper objection made at the trial if the accused had enjoyed the assistance of counsel.

Matthew Smith was indicted, tried and convicted on three counts:

"1. Interfering with, and forcibly assaulting a Federal Officer in the performance of his official duties, to-wit, a customs inspector inspecting certain quarters and properties of the accused, in violation of Section 111, Title 18, U.S.C.

"2. Deliberately and unlawfully having in his possession and control narcotics on board a United States vessel while engaged in a foreign voyage, in violation of Section 184(a) Title 21, U.S.C.

"3. Smuggling and clandestinely bringing into the United States merchandise which should have been invoiced to-wit, eighty (80) marihuana cigarettes, in violation of Section 545, Title 18, U.S.C."

He was convicted on all counts and was sentenced to imprisonment for two years.

The case was tried before a jury. The defendant had no counsel, but the record discloses that he was "advised by the Court of his constitutional right to counsel and (was) asked if he desired counsel appointed by the Court to represent him." and that he "stated that he waived the assistance of counsel." The record further stated "the defendant, being arraigned in open court and the charges against him being explained to him, enters a plea of not guilty thereto." This arraignment took place on October 14, 1953. The defendant was at liberty on bond.

The transcript of proceedings then shows the following on the date of trial, November 19, 1953:

"Judge Thomas: What says the Government?

"Mr. Cowan: The Government will be ready, your Honor.

"Judge Thomas: Are you ready, Smith?

"Defendant: Yes, Sir.

"Judge Thomas: Smith, you do not have a lawyer, and you answered that you do not wish one. Is that correct?

"Defendant: Yes, sir, I do not wish a lawyer."

■ 1. There can now be no doubt that a defendant in a criminal case is entitled to counsel of his own choice to assist in his defense, or in the absence of such counsel, the defendant is entitled to have the court inform him of his right to assigned counsel and to have the court satisfy itself that if the right is waived, such waiver is competently and intelligently made. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Further, it is true that the Court must make such inquiry as will assure the Court that the accused fully understands the charges against him and the possible adverse consequences of not having counsel to represent him. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309.

■ On the other hand, the Constitution "does not require that under all circumstances counsel be forced upon a defendant." Carter v. Illinois, 329 U.S. 173, 174–175, 67 S.Ct. 216, 91 L.Ed. 172.

2. The question as to Smith's waiver of counsel was not raised in the trial court. The record of the trial which is before us discloses nothing to cast any doubt on the strong presumption that the trial judge honestly and conscientiously satisfied himself that the accused intelligently waived his right and preferred to take his chances with the jury, pleading his own case.

The record affirmatively shows that the accused was "advised by the Court of his constitutional right to counsel" and that he was "asked if he desired counsel appointed by the Court to represent him," and that he "stated that he waived the assistance of counsel." Further the record showed he was arraigned in open court, and "the charges against him being explained to him, entered a plea of not guilty."

The defendant was then out on bond and continued at liberty until the trial a month later.

■ The only contention that there was error in the failure of the Court to appoint counsel comes, not by way of traversing the truth of the record entries, which of course can not be done on appeal, but by way of argument by counsel, later employed, that, assuming, as we must, the correctness of the statements above quoted, we should nevertheless find that the trial court failed to perform its duty of ascertaining that the waiver was intelligently and competently made. We can not do this.

■ 3. It is, of course, open to any person in custody under sentence of a Federal court to challenge the accuracy of the recitations in the record of trial and show, if it is true, that the record does not in fact speak the truth. Such an attack is permitted by 28 U.S.C. § 2255. Such an attack on the correctness of the record of trial can not be made on appeal from the conviction itself. Johnson v. United States, 225 U.S. 405, 32 S.Ct. 748, 56 L.Ed. 1142.

4. The other alleged errors were either not argued by appellant in his brief (Specifications 5, 15, 16, 17, 18 and 19) or they were of the type that would normally have been prevented if the accused had been represented by counsel. The fact that timely objection was not made on the trial is one of the risks the accused assumed when he undertook to defend himself, and we can not now for the first time find that the trial court committed error in its proceedings when such alleged error was not called to the Court's attention in time for corrective measures to be taken at the trial.

One reason the courts have found that assistance of counsel or an intelligent and competent waiver of such assistance is essential to due process in a trial under our Constitution is that the many technicalities of trial may sometimes affect the opportunity of the accused to have a real review of his trial on appeal. Johnson v. Zerbst, supra. Once it is found, however, that such an accused has properly waived his right to counsel, the effects flowing from that decision must be accepted by him, together with the benefits which he presumably sought to obtain therefrom. Moreover, none of the alleged errors was so basic, plain or clear as to prompt this Court to consider the question, though not adequately pressed, to prevent an injustice. See Mondshine v. Short, 5 Cir., 196 F.2d 606.

While these matters may not be strictly germane in the light of what has been said, it is nevertheless significant that the record clearly shows that the accused here was a man of requisite ability and sufficient education to hold a maritime rank which he said corresponds to that of ensign in the Navy; that he was not confined in jail between his arraignment and trial; and there is nothing in the record to show that he was either friendless or without funds. Cf. Johnson v. Zerbst, supra, and U. S. v. Morgan, 346 U.S. 502, 74 S.Ct. 247.

On the record here for review, and without prejudicing the right of the accused to call the recitations there contained in issue in the manner authorized by the Statute in § 2255, 28 U.S.C., this Court must decline to speculate on any facts not properly presented to the trial court for its consideration and on which it has had no opportunity to pass.

The judgment is therefore

Affirmed.