STATE OF CONNECTICUT *v.* STEPHEN TOMCZYK

SUPERIOR COURT NEW HAVEN COUNTY FILE No. 10505

Memorandum filed May 21, 1956.

*Abraham S. Ullman,* of New Haven, State's Attorney.

*Howard F. Zoarski,* of New Haven, for the defendant.

PHILLIPS, J. At the January, 1956, criminal term in New Haven County, the defendant pleaded guilty to an information charging him with indecent assault, and on January 5 he was sentenced to twelve months in jail. He has now brought a petition to the court at its May, 1956, criminal term, for modification of that judgment by a suspension of its further execution. At a hearing on the petition, facts were presented to the court concerning the petitioner's mental and physical condition sufficient to justify the court in granting the petition, provided it has power to act upon the matter. In *State* v. *Duffy,* Superior Court, Hartford County, No. 20933 (May, 1956, Criminal Term), Judge Shapiro has ruled that the court has such power.

A sentence in a criminal case may be modified at any time during the term of court at which it was imposed, if no act has been done in execution of it. *State* v. *Pallotti,* 119 Conn. 70, 74, citing *Commonwealth* v. *Weymouth,* 84 Mass. (2 Allen) 144 and 16 C.J. 1314. However, when the defendant has executed or entered upon the execution of a valid sentence, there is authority to the effect that the court cannot, even during the term at which the sentence was rendered, set it aside and render a new sentence. See 24 C.J.S. 118, § 1589, and cases cited. These cases deal with the inherent power of courts in the absence of enabling legislation. *Belden* v. *Hugo,* 88 Conn. 500, 506; *State* v. *Sturgis,* 110 Me. 96, 104; 24 C.J.S. 121, § 1590.

For many years there has been a statute authorizing any criminal court, or the judge holding such court, during or after the adjournment of a session at which a commitment has been issued, after hear-

ing, to suspend execution of the sentence and commit the accused to the custody of a probation officer, or to suspend the execution of the sentence indefinitely without probation. The statute in force until recently excepted "cases after commitment to the State Prison or to the Connecticut Reformatory" and certain other cases. General Statutes § 8836.

Under the Adult Probation Act passed at the 1955 session of the legislature, § 8836 was repealed. Unless, therefore, there is something in the new act giving the court authority, there would be a substantial question as to whether any criminal court would have power to suspend a sentence, in whole or in part, once execution of the sentence under the original judgment had commenced, particularly at a subsequent term. It is unnecessary to decide whether the court has that inherent power in view of the construction which is hereinafter given the act.

The act is remedial and is entitled to a liberal construction. From a reading of the legislation as a whole, it is apparent that the purpose of the legislature was to broaden and extend the use of probation, not to curtail it. The statute, therefore, should be construed to effect this aim. Section 3338d, Cum. Sup. 1955, provides, in part: "Whenever any person has been found guilty of a crime upon verdict or plea, the court may (1) suspend the imposition or the execution of a sentence, (2) may also place the defendant on probation . . . ." There is no limitation in the words of the statute as to the time when the power to suspend the execution of a sentence and to place on probation may be exercised. Considering the purpose of the act as a whole, the fact of the repeal of § 8836, the many years that courts and judges have exercised the power to suspend a jail sentence after its execution has begun, after hearing and for good cause shown, § 3338d may be construed to include the power in the court in a proper case to sus-

pend the execution of sentence and to place the defendant on probation, at any time, both during and after the term or session of court at which the original judgment was pronounced, and irrespective of whether execution has begun.

A further clarification of the statute seems to be desirable, in view of possible implications which might be drawn from the above. The power to suspend sentence and the power to place on probation, after the execution of a sentence has begun, does not extend to cases after commitment to the state prison or reformatory. The Indeterminate Sentence Act provides, as to sentences to the state prison, for a minimum and maximum term, § 8825; and as to sentences to the reformatory, that the term shall not be fixed unless it exceeds five years. § 2772. The legislature has conferred upon the board of parole of the state prison authority to parole any person who has been confined for the minimum term. § 8827. It has conferred upon the reformatory board of parole power, in its discretion, to parole any inmate. § 2780. In view of this legislation, it is obvious that the legislature did not intend, by the Adult Probation Act, to give the courts power to suspend sentences to either of these institutions after execution of the sentence has started. A contrary interpretation would create a conflict with the authority given the boards of parole, and would result in a confusing situation.

It is to be noted that under § 3338d the criminal court only is given the power to suspend sentence and place on probation, and not the judge holding such court. In this respect the statute differs from § 8836. Any action taken, therefore, should be by the court as such rather than by the judge who originally imposed sentence.

The further question arises in a case where a jail sentence has been imposed, execution to be sus-

pended after a certain period, with probation. Can this judgment also be modified, so that the period of incarceration may be still further decreased? Section 3338d may be construed to cover this situation as well. In either case the court is modifying the original judgment; in either case it is suspending the execution of that part of a sentence which remains to be served. Moreover, § 3340d provides that the period of probation or suspension of sentence may be indeterminate or may be fixed by the court and "may at any time be extended or terminated by the court." "Extend" means to lengthen in time, to enlarge. Webster's New International Dictionary (2d Ed.). Where, for example, the original judgment providing twelve months in jail, execution suspended after four months, with two years probation, is subsequently modified so that execution is suspended after two months, with twenty-six months probation, the "period" of probation and suspension is lengthened in time, or "extended" within § 3340d.

Inasmuch as the legal questions discussed here may not come before the Supreme Court of Errors in the near future, the need for legislative clarification of the act is obvious.

The petition is granted and an order may issue suspending the further execution of sentence, releasing the prisoner and placing him on probation for a period of two years.