This application for a writ of habeas corpus represents that Wallace G. Viel, a resident of the town of Manchester, now being held and confined in the county jail in the county of Hartford, was sentenced on December 8, 1956, in the Town Court of Manchester to said county jail. A certified copy of the judgment of the Town Court of Manchester reads as follows: "Ordered and considered by said Court that the said accused (Wallace *Page 175 
G. Viel) be committed to the common jail in Hartford, in and for Hartford County, for a period of 60 days from the date hereof, and stand committed until judgment be performed; and thereupon; execution of said jail sentence is suspended after 20 days and the accused placed in the custody of the probation officer for 1 year." On said December 8, 1956, a mittimus was issued committing the said Wallace G. Viel to the Hartford County jail in accordance with the judgment, and on said date the said Viel was delivered to and confined in said county jail. This judgment was in fact a sentence to confinement in jail for twenty days, execution having been suspended on a remaining balance of forty days. Upon release from jail after the twenty days, accused was to be at large in the custody of the probation officer for one year under the provisions of applicable statutes.
Subsequently, on December 22, 1956, upon orders from the Town Court of Manchester, the said Wallace G. Viel was brought by the sheriff of Hartford County, or one of his deputies, to the Town Court of Manchester, in Manchester, where the court entered the following order: "Condition of suspension of sentence is modified — by revocation of probation. Full sentence to be served." Thereupon the said Wallace G. Viel was returned to the said Hartford County jail upon a new mittimus issued by the court, directing that the said Viel be confined for a full period of sixty days from December 8, 1956.
Section 3338d of the 1955 Supplement to the General Statutes provides that upon a verdict or finding of guilty the court may "(1) suspend the imposition or the execution of a sentence, (2) may also place the defendant on probation and (3) may impose a fine . . . and also place the defendant on probation." Section 3339d provides: "By order duly entered the court may impose and may at any time modify any *Page 176 
conditions of probation or suspension of sentence." Section 3340d relates to the period of probation and is as follows: "The period of probation or suspension of sentence may be indeterminate or may be fixed by the court and may at any time be extended or terminated by the court. Such period with any extensions thereof shall not exceed five years, except in cases in which the defendant is charged with failure to provide subsistence for his dependents. When a probationer has been on probation for a longer period than one year, the probation officer shall, as soon as convenient after the expiration of one year's probation, call the matter to the attention of the committing court or judge with a recommendation as to the advisability of the continuance of probation. The court may, at any time either before or after such presentation, after hearing and for good cause shown, terminate probation and discharge the probationer. Any time during probation or suspension of sentence the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Upon any violation of probation, the probation officer shall at once notify the court and shall submit in writing a report showing in what manner the probationer has violated the conditions of probation. Thereupon, the court shall cause the defendant to be brought before it and may continue or revoke the probation or suspension of sentence, and may cause the sentence imposed to be executed."
The probation act as set forth in chapter 429 of the 1955 Supplement to General Statutes was intended by the legislature to broaden and extend the use of probation rather than to curtail it. "[Probation] is not ordered for the purpose of punishment for the wrong for which there has been a conviction, or for general wrongdoing. Its aim is reformatory and not punitive. It is to bring one who has fallen *Page 177 
into evil ways under oversight and influences which may lead him to a better living. The end sought is the good of the individual wrongdoer, and not his punishment." Belden v. Hugo, 88 Conn. 500, 504. A probation commitment is nonpenal in character and is not a substitute or alternative for a commitment to jail. Our law recognizes a suspension of the execution of a sentence imposed. Where a commitment to the custody of a probation officer is also made, a revocation of the suspension is provided for, after which imprisonment in conformity to the sentence is to begin. In other words the sentence does not come to have full force and effect until this revocation is made under the provisions of the applicable statutes. A sentence unexecuted is only a judicial pronouncement and entails no punishment upon the offender. A suspension of execution is a suspension of the penal consequences of the judgment. It means that proceedings to secure punishment shall not be in force during the period when the probation process is in operation, and that execution of sentence will not run unless and until that process (probation) shall have failed to accomplish the desired result. Belden v. Hugo, supra, 505. TheBelden case held (508) that since a probation commitment was nonpenal in character and not a substitute or alternative for a commitment to jail, the length of time served on probation was not to be counted in reduction of the term or period of the jail sentence when that jail sentence became operative upon a revocation of the stay of execution.
The general rule is that judgments, decrees and orders are within the control of the court during the term at which they were made, provided, however, in criminal cases no act has been done in execution of the sentence; State v. Pallotti, 119 Conn. 70, 74, and provided also that the punishment shall not be increased or augmented. Ex parte Lange, 85 U.S. *Page 178 
(18 Wall.) 163, 167-174; Basset v. United States,
76 U.S. (9 Wall.) 38; Wharton Criminal Pleading 
Practice (9th Ed.) § 913; United States v. Benz,282 U.S. 304, 307. Although the provisions of our statutes relating to probation and the modification of sentences may authorize amendment of a sentence so as to mitigate the punishment, there can be no construction which could properly authorize the court to increase the punishment. This is upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the fifth amendment to the constitution of the United States, which provides that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." Whatever the power of the court over its own judgments, that power cannot be so used as to violate the constitutional guarantee against double punishment. A portion of the written opinion of the Supreme Court of the United States in Ex parte Lange, supra, 173, which was also quoted at length in United States v.Benz, supra, 308, reasons the problem clearly and distinctly as follows: "For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offense? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case *Page 179 
as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted? The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it."
The said Wallace G. Viel was convicted, sentenced and delivered to the jail in Hartford on December 8, 1956, and on that day started serving the sentence pronounced by the court on that day. The action of the court on December 22, 1956, is an attempt by judicial sentence to increase a punishment already partly executed. This is contrary to law and in violation of the constitutional guarantee against double punishment and is void.
 It is ordered that said Wallace G. Viel be released from the Hartford County jail forthwith.