On July 6, 1961, the defendant pleaded guilty to the crime of indecent exposure and was sentenced to pay a fine of $100 and to be confined *Page 177 
in jail for a period of sixty days, execution of the jail term suspended, with probation for one year. The fine was paid, the jail sentence remains suspended, and probation has not been terminated. No appeal from the judgment had been taken. The defendant now moves that the judgment be opened, the sentence vacated, the plea of guilty withdrawn, and he then be permitted to plead to the information and to proceed according to law. As reasons for his motion, the defendant alleges that (1) he was without counsel and was not advised by the court of his right to have counsel; (2) he pleaded guilty without understanding the significance or effect of his plea; and (3) he did not fully understand the nature of the offense with which he was charged. The issues of fact raised would ordinarily require a hearing; both counsel, however, have stipulated orally that the defendant was not represented by counsel nor advised by the court of his right to counsel; that the fine was paid; and that the defendant understood the English language and spoke no other. No question was raised as to any incapacity of the defendant to plead because of mental or physical disability, minority, or other cause.
1. The defendant was convicted under the provisions of § 53-220 of the General Statutes, which provides for a maximum penalty of $100 or imprisonment of six months or both. In this state, there is no statute or rule of practice requiring that a court, in each instance of arraignment of an accused upon a misdemeanor, advise him of his right to obtain or have counsel before plea is entered. The defendant has pointed to no authority, in this jurisdiction or elsewhere, in support of his claim. Our law provides reasonable, just, and conscientious safeguards to protect the rights of an accused to equal protection of the law and to due process of law and, in furtherance of this long-standing policy, *Page 178 
has extended the public defender system to the Circuit Court to serve impecunious defendants. General Statutes § 54-81a. Neither under our state constitution nor under the constitution of the United States is the court under any duty to advise a defendant accused of a misdemeanor of his right to consult counsel or to be represented by counsel, whether before or at the time of arraignment. See such cases as State v. Reid, 146 Conn. 227; State v.Rogers, 143 Conn. 167; United States ex rel. Farnsworth
v. Murphy, 254 F.2d 438 (2d Cir. 1958);Zavada v. United States, 355 U.S. 392 (1958);Cicenia v. Lagay, 357 U.S. 504 (1958).
2. Authorities are agreed that a recorded judgment may be vacated or set aside during the term at which it was rendered, substantially at the discretion of the court. Poneleit v. Dudas, 141 Conn. 413,416; McCulloch v. Pittsburgh Plate Glass Co.,107 Conn. 164, 167; Tyler v. Aspinwall, 73 Conn. 493,497. Where the term has expired, the court has no jurisdiction of the case. Hall v. Paine,47 Conn. 429, 430. The motion being addressed to and within the discretion of the court, the exercise of that discretion will not be reviewed unless there appears a clear abuse of legal discretion. Wood v.Holah, 80 Conn. 314, 315. Both in the Superior Court and the Court of Common Pleas there is but one term held annually in each county beginning in September. Clover Farms, Inc. v. Kielwasser,134 Conn. 622, 623; see State v. LaPorta, 140 Conn. 610,612. There are no terms of the Circuit Court, and the court is deemed continuously in session. General Statutes § 51-258. It is not necessary to consider here the question whether the statute would make permissive the opening of judgments without limitation as to time, thus defeating the purpose of finality, for here the motion was made seasonably within two months of the imposition of sentence. *Page 179 
3. It is the established rule that a judgment in a criminal case may be opened at any time during the term of court at which it was imposed, if no act has been done in execution of it. State v. Pallotti,119 Conn. 70, 74. Thus, in the absence of enabling legislation, and where courts exercise only their inherent power, there is authority to the effect that a sentence partly executed cannot be set aside even during the term at which it was rendered. State v.Tomczyk, 20 Conn. Sup. 67, 68, and citations. In the present case, the sentence as to the payment of the fine has been fully executed. See Armstrong v.Potter, 20 Conn. Sup. 101, 106. The jail sentence was suspended and a probationary term imposed. The jail sentence has not been executed, nor its execution begun. Such sentence is not deemed fully executed until probation is terminated, or suspension revoked and the sentence served. Belden v.Hugo, 88 Conn. 500, 508. Under our Adult Probation Act, it would appear that a court in a proper case may suspend the execution of sentence and place the defendant on probation, at any time, both during and after the term or session of court at which the original judgment was pronounced, and irrespective of whether execution has begun. State
v. Tomczyk, supra, 69. Thus, the partial execution of sentence in the present case by payment of the fine does not deprive the court of power to open the judgment in the exercise of its sound discretion.
4. The claim that the defendant pleaded guilty without understanding the significance or effect of his plea amounts simply to this: that he had no knowledge of the penalty that would be imposed or the social consequences that invariably attach to the obloquy of a criminal conviction. Due process does not require that the state advise the accused of the possible legal effect of pleading guilty to a noncapital charge nor of the later consequences of such *Page 180 
plea and conviction. United States ex rel. Farnsworth
v. Murphy, 254 F.2d 438, 443 (2d Cir.).
5. The defendant further claims that he did not fully understand the nature of the offense with which he was charged. "A court will not allow a party to enter a plea of guilty until satisfied that it is freely made and that the party making it understands its purport and effect." State v. Carta,90 Conn. 79, 81. And where it appears that an accused, because of a language barrier and other limiting circumstances, did not fully understand the nature of the charge and the effect and consequences of his plea, a judgment, upon a motion such as the one here, should be opened, the sentence, even though partially executed, should be set aside, and the defendant permitted to withdraw his plea of guilty.State v. Maresca, 85 Conn. 509, 512.
In the present case, there is nothing to show that the defendant did not understand the language of the charge or was ignorant of the facts which gave rise to the accusation. Before sentence was pronounced, the prosecuting attorney recited the facts on which the charge was based; the defendant made no denial although he understood what was being said; he answered fully such questions as were put to him by the court; and the court indicated to him that the sentence imposed was not so much by way of penalty as out of consideration for his future supervision and guidance. There is no cause for opening the judgment.
 The motion is denied.