The defendant was convicted, on a trial to the court in which he was not represented by counsel, of the crimes of pool selling in violation of § 53-295 of the General Statutes and breach of the peace in violation of § 53-174, and has appealed, assigning as error that the court neglected to advise him of his constitutional right to counsel and failed to give him a fair and impartial trial.
The facts are not in dispute. On December 22, 1961, at about 11 a.m., one Paul Kurlik placed a $2 bet with the defendant on a horse named "Astrology" which ran in the fifth or sixth race at the Charles Town Track and on a horse named "Leo's Ace" which ran in the second race at Fair Grounds racetrack. The defendant took the money for the bets from Kurlik. O December 23, 1961, at about 11 a.m., Kurlik approached the defendant and demanded winnings of $6. The defendant denied owing the money, stating that Kurlik had bet on another horse. The defendant then offered Kurlik the return of the $2 bet which he had given him on December 22, 1961. Kurlik refused the return of the $2 bet and insisted on his winnings of $6. The defendant *Page 17 
then assaulted Kurlik and blackened both his eyes as well as putting his nose out of joint. Two hours after the assault, the defendant paid $6 to Kurlik as his winnings on the December 22 bet. On December 2, 1961, Kurlik had placed a bet of $2 with the defendant on a horse named "Eurasia" in the eighth race at Tropical Park racetrack and on a horse named "Freimanaha" in the eighth race at the Pimlico racetrack. "Eurasia" won the race, and the next day, December 3, 1961, the defendant paid Kurlik his winnings of $5.
The defendant in his first assignment of error claims that the court in failing to advise him of his right to be represented by counsel committed prejudicial error as a matter of law. Both the United States and Connecticut constitutions guarantee to an accused in all criminal prosecutions the right to counsel. U.S. Const., amend. VI; Conn. Const., art. I § 9. In cases involving misdemeanors, it has been long settled that the court as a matter of law is under no duty to advise an accused of his right to counsel. See State v. Reid, 146 Conn. 227;State v. Rogers, 143 Conn. 167; State v. Florence,23 Conn. Sup. 176. Due process in a noncapital case does not require the assignment of counsel to an accused where the net result does not offend generally accepted notions of fair play. United Statesex rel. Farnsworth v. Murphy, 254 F.2d 438 (2d Cir. 1958); Commonwealth ex rel. Simon v. Maroney,195 Pa. Super. 613. Whether due process has been denied in a given case depends on the facts of the case. What may in one case constitute a denial of fundamental fairness may in other circumstances fall short of a denial of due process. Betts v. Brady,316 U.S. 455, 462. The gravity of the crime, the age, experience and education of the defendant, the conduct of the court or prosecuting officials and the complicated nature of the offense charged and possible *Page 18 
defenses thereto are some of the facts to be considered in determining whether the trial without benefit of counsel would be apt to result in injustice.McNeal v. Culver, 365 U.S. 109, 111. Where a nineteen-year-old youth who is of dull mentality, bordering on mental deficiency, and who has an eighth-grade education and is ignorant of his legal rights is brought before the court on a capital charge, due process requires the court to inform him of his right to counsel. United States ex rel. Reid v.Richmond, 197 F. Sup. 125 (D. Conn. 1960). And in a case of a noncapital felony, where the accused was illiterate, the trial was before a jury without counsel, and complicated questions of law were involved, the case was held to be one in which the assistance of counsel was a right guaranteed by thefourteenth amendment. Carnley v. Cochran, 369 U.S. 506.
In the case at bar, however, the defendant was a man of mature years, thirty-seven years old, and had formerly been a policeman. The trial was to the court, and the issues of law and fact were not complicated. He was brought before the court on December 27, 1961, on a warrant issued December 26, 1961, on misdemeanor charges, the case was continued one week to January 3, 1962, at which time he was put to plea, pleaded not guilty, and on inquiry by the court as to his choice of trial by court or jury elected trial by the court. Under the circumstances disclosed by the record, the trial court did not err in failing to advise defendant of his right to counsel.
Ten of the remaining assignments of error relate to the conduct of the trial and may be summarized under the heading that the defendant was not given a fair and impartial trial. The specific errors cited consist of allowing the prosecutor to ask leading questions, to ask immaterial and irrelevant questions, and to go into new matter on cross-examining *Page 19 
the defendant; of permitting Mrs. Kurlik to testify after she had stated that she had had two beers, without having her examined as to her sobriety; of allowing unresponsive answers to go into the record; of admitting hearsay testimony; of admitting expert testimony by Mr. and Mrs. Kurlik, the state's chief witnesses, without proper foundation; and of accepting their testimony when they were violators of the pool selling law and were not prosecuted, but promised immunity. All of these objections except the last are directed toward the application of the rules of evidence, and for proper presentation to this court they would need to be assigned as errors in rulings of the court. Cir. Ct. Rule 7.29.1(4). This in turn would require that in each instance the question, objection, answer, if any, and exception be set forth in order that the admissibility or nonadmissibility of the evidence be determined by this court on appeal. The record fails to show that any objections were made to the evidence now claimed to be inadmissible, and even if objections had been made and exceptions taken it would not necessarily follow from the broad and inexact language of the defendant's assignment that there was any error, and even less so that what error might have been asserted was harmful to the defendant. "The fact that timely objection was not made on the trial is one of the risks assumed when he undertook to defend himself, and we cannot now for the first time find that the trial court committed error in its proceedings when such alleged error was not called to the Court's attention in time for corrective measures to be taken at the trial." Smith v. United States,216 F.2d 724, 727 (5th Cir.). To hold otherwise would make the court counsel for the defendant.
As to the testimony of Mr. and Mrs. Kurlik, there is nothing in the record to show any promise of immunity. Such a promise, moreover, would not have *Page 20 
rendered the testimony inadmissible; at most it would be of value only to affect the credit and reliability of the witness. So, also, the matter of Mrs. Kurlik's testimony, in view of her statement that she had had two beers, was for the court to consider in determining her credibility. The determination of the credibility of the witnesses and the weight to be given to their testimony is the exclusive function of the trial court. State v. Coulombe, 143 Conn. 604,607.
An examination of the entire record leads to the inescapable conclusion that the trial court did not abuse any discretion that it had in the conduct of the trial and that the defendant was given a fair and impartial trial.
In regard to the defendant's final assignment of error, that the court erred in concluding that the defendant was guilty beyond a reasonable doubt, there was a wealth of evidence, in addition to the evidence as to which error is claimed, to support the court's conclusion that the defendant was guilty of the crimes charged beyond a reasonable doubt.
 There is no error.
In this opinion DEARINGTON and KOSICKI, JS., concurred.