STATE OF CONNECTICUT *v.* PELLEGRINO MILLO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 2-24057

Argued September 14—decided December 16, 1966

*Edward G. Burstein,* of Bridgeport, for the appellant (defendant).

*Arnold Markle,* chief prosecuting attorney, for the appellee (state).

PRUYN, J. The defendant was convicted of the crime of policy playing in violation of § 53-298 of the General Statutes and has appealed from the judgment, assigning error (1) in the denial of his motion that a special prosecutor be denied permission to try the case; (2) in the refusal to permit the defendant to introduce evidence relative to his motion for dismissal prior to the commencement of the trial; and (3) in the conclusion that upon all the evidence he was guilty beyond a reasonable doubt.

The first assignment of error merits little consideration. The claim of the defendant that having the chief prosecuting attorney of the Circuit Court try the case for the state as special prosecutor would create in the mind of the trial judge a sense of the importance of the case and unduly influence

him was refuted by the trial judge in his statement, in denying the motion, that he was not impressed by counsel on either side and would decide the case on the evidence. There is nothing in the record to indicate any undue influence or prejudice because the chief prosecuting attorney tried this case for the state.

Similarly, the defendant can take no benefit from his second claim of error. At the outset of the trial, he moved to dismiss the information on the ground that his constitutional right to counsel had been violated. This motion the court denied. This motion should have been made prior to the defendant's plea of not guilty. *State* v. *Licari*, 153 Conn. 127, 130. The record shows that the defendant was arrested on March 17, 1966, entered a plea of not guilty on March 24, 1966, and moved to dismiss the information on March 29, 1966. "Under § 468 of the Practice Book the procedure in civil cases is made applicable, insofar as adaptable, to criminal cases. Pleadings in civil cases are to be filed as set forth in §§ 74 and 75 of the Practice Book. From this it follows that any preliminary motion in a criminal case should be filed prior to a plea of guilty or not guilty, unless the grounds for the motion are not then known to, or reasonably ascertainable by, the accused." *State* v. *Licari*, supra, 130. The rule that the denial of a motion to dismiss is not a ground of error is too well settled to merit discussion. A fortiori, the denial of permission to present evidence in support of the motion to dismiss presents no reviewable question.

The principal point of the defendant's attack upon the judgment of the court below lies in the claimed error of the court in its conclusion upon all the evidence of guilt beyond a reasonable doubt. This necessitates the examination by us of the entire

evidence. There was no finding, and none was necessary. The only witnesses were two police officers, one called by the state, the other by the defendant. The defendant did not testify. The court could reasonably have found the following facts: On March 17, 1966, at about 12:30 p.m., several police officers, armed with a search warrant, entered a restaurant in Bridgeport to search for evidence of policy playing. This restaurant was a lunch counter type of restaurant with a rear room in which there was a telephone. At the time, several men were sitting in the rear room, including the defendant and James D. Voccola. One of the officers announced in a loud voice that he was a police officer and had a search warrant for the premises. He observed the defendant in the doorway to the rear room and that he had in his shirt pocket some spiral notebooks and brown envelopes. Upon being asked what he had in his pocket, the defendant stated that they were the numbers he had for that day and handed the items to the officer. From his experience and expertise in the field of policy, the officer was of the opinion that these items represented policy, including the number played, the amount played and the agent. Thereupon the officer placed the defendant under arrest, telling him that he did not have to make any statement and that he could call his attorney. The defendant responded by saying that he did not need an attorney, that an attorney could not help him and that the police had him cold with all the evidence. The defendant voluntarily handed the officer money from his front pocket, indicating that it went with the bets. The officer discovered more money in a rear pocket with a piece of paper attached, which the defendant stated was a tally sheet. The notebooks, brown envelopes, their contents, the tally sheet and all the money were

admitted into evidence as exhibits without objection by the defendant, nor did he object to the officer's testimony as to statements made by him to the officer. Some two hours after the defendant was arrested he was taken to police headquarters. During this two-hour interval the police had some conversations with the defendant and asked him some questions and he voluntarily made some statements. He made no attempt to telephone counsel. There was no evidence of what took place at the police station.

The defendant claims that his constitutional right to counsel was violated, thereby tainting the exhibits and the statements made by him, and that without this tainted evidence the court could not have found him guilty. He relies principally on the doctrines enunciated by the United States Supreme Court in *Massiah* v. *United States,* 377 U.S. 201; *Escobedo* v. *Illinois,* 378 U.S. 478; and *Miranda* v. *Arizona,* 384 U.S. 436. We need not concern ourselves with the rules and guidelines set forth in *Miranda,* for the Supreme Court of the United States has declared that *Miranda* may not be applied retroactively but applies only to cases in which the trial began after June 13, 1966, the date of the *Miranda* decision. *Johnson* v. *New Jersey,* 384 U.S. 719, 721, 734. This decision is controlling on state courts. *State* v. *Annunziato,* 154 Conn. 41, 44. The trial in the case before us commenced and ended on March 29, 1966, long before the *Miranda* decision.

From the evidence, which is unrefuted, it clearly appears that the defendant upon being arrested was warned of his basic constitutional rights, the right to remain silent and the right to counsel, as required by *Massiah* and *Escobedo,* supra. From the statements and conduct of the defendant, the court could have concluded that he had effectively waived such

rights. There is no evidence that he was denied the opportunity, during the two hours he was at the restaurant, to telephone his attorney, nor is there any evidence that he was kept incommunicado and vigorously questioned; rather the evidence and the logical inferences therefrom indicate that he wanted to relate his story, that the statements he made were made voluntarily, and that he made no attempt to communicate with counsel.

Furthermore, the testimony and the evidence which the defendant claims were tainted were admitted without objection. The defendant cannot now be heard to complain. See *United States* v. *Indiviglio*, 352 F.2d 276, 277, where the defendant's statement, made without counsel, was introduced at his trial in claimed violation of his rights under the rule of *Massiah,* and the court held that his failure to object foreclosed review of the asserted error. See also *United States* v. *Miller*, 353 F.2d 724, 725. "To hold otherwise would make the court counsel for the defendant." *State* v. *Healy*, 24 Conn. Sup. 15, 19, 1 Conn. Cir. Ct. 356, 360.

The defendant further argues that he was deprived of his right to counsel at the police station after he was taken there from the restaurant. There is no evidence of what took place at the police station or of any statements made there by the defendant. There is no merit to this claim.

The trial court's conclusion upon all the evidence that the defendant was guilty was correct.

There is no error.

In this opinion KOSICKI and LEVINE, Js., concurred.