STATE OF CONNECTICUT *v.* JEAN E. WNUKOWSKI

CIRCUIT COURT  FIRST CIRCUIT
FILE No. CR 1-18286

Memorandum filed February 15, 1967

*Edward J. Capasse,* prosecuting attorney, for the state.

*Harry H. Hefferan,* of Norwalk, for the defendant.

MACDONALD, J.  On or about October 29, 1965, the defendant, a young lady then of the age of over sixteen years and under twenty-one years, pleaded guilty to an information charging her with being in manifest danger of falling into habits of vice, in violation of § 17-379 of the General Statutes.  She was sentenced to the Connecticut state farm for women at Niantic for an indeterminate term not to exceed two years, with a recommendation that she be transferred to Long Lane School by the superintendent of the state farm for women for further instruction and education.  General Statutes §§ 17-360, 17-364.  Since that date she has remained in the custody of the superintendent of the state farm for women, assigned to Long Lane School, and is now at Long Lane School.

The application for modification and/or the motion for modification of judgment sets forth in support thereof that the defendant's mother is in ill health and needs and wants her only daughter at home.  The application raises squarely the question whether the Circuit Court, or a judge thereof, is authorized and empowered to modify the original sentence after the defendant has been committed to the institution.  The question is profound—the consequences of the result reached are profound.  It has been quite commonly assumed that any court having criminal jurisdiction has the power and authority to modify any judgment made by it and that under the special interpretation permitted by the Adult Probation Act, "the partial execution of sentence . . . does not deprive the court of power to open the judgment in the exercise of its sound discretion."  *State* v. *Florence,* 23 Conn. Sup. 176, 179, 1 Conn. Cir. Ct. 161, 164; see *State* v. *Tomczyk,* 20 Conn. Sup. 67, 70.  In 1957, the legislature regarded both § 54-111 and § 54-116 as being capable of concurrent existence, and therefore not only the court

but the sentencing judge would have the power, upon proper application, to rehear and suspend sentence if the circumstances so warranted. *State v. Tomczyk,* supra.

Section 54-116 specifically excludes from the applicability of its provisions "cases after commitment to the State Prison or to the Connecticut Reformatory"; cases of second offenders convicted of the operation of a motor vehicle while under the influence of intoxicating liquor; and felony cases "if the accused has been twice previously convicted of a felony." The state farm for women is not specifically excluded, nor is any reference thereto made. Therefore, the court must construe the omission as deliberate on the part of the legislature in view of the manifest broad constructive purposes of the state farm for women as a reformatory institution.[1] General Statutes, c. 309. Of recent date, in *State v. Mattiello,* 4 Conn. Cir. Ct. 55, 59, 62, it has been aptly said: "It should be noted at the outset that title 17 of the General Statutes is devoted to a wide variety of sociological problems and legislative policy and methods for their correction and solution. It is entitled 'Humane and Reformatory Agencies and Institutions.' The aims and purposes of this legislation are unequivocal, clear, and unquestionably within the powers of legislature to achieve by law. They are, generally, to preserve and increase the benefits to an orderly society deriving from the care, protection and welfare of the individuals who, because of lack of physical, mental or moral resources or discipline, are especially in need of salutary aid and earnest concern on the part of the general public. . . . Although many of those cases deal with juveniles, according to the age limits

---

[1] "Sec. 17-360. COMMITMENT. Only such offenders may be committed to said institution as in the opinion of the trial court will be benefited physically, mentally or morally by such commitment . . . ."

defined by state law, the conclusion is inescapable that § 17-379, read within the context of the statutes in title 17, is not one that imposes a penalty for a crime but rather acts as a protective safeguard for the purpose of providing custody, care and training for females, between the ages of sixteen and twenty-one, who may be in manifest danger of falling into habits of vice, or who may be leading a vicious life, or who may have committed any crime."

The court reluctantly concludes that § 54-116 of the General Statutes is decisive of the case at bar and that the Circuit Court, or a judge thereof, has the power and authority to modify the execution of a sentence to the Connecticut state farm for women after imposition thereof. Such power and authority defeats the very basic purpose of the judicially recognized constructive program and purposes, as well as the results reached in almost every case handled by the state farm for women. Amendment of the law is urgently required for the purpose of placing the state farm for women in the same category as an institution such as the Cheshire reformatory or other reform institutions. Amendment of the present statutes lies solely within the province of the legislature.

With reference to the application for modification of sentence, in the instant case, the issues are set down for hearing at such time and place as may be mutually agreed upon or mutually convenient for the state, the state farm for women, the defendant, and her counsel. At the hearing, the court will of course direct its consideration to the issue whether the defendant is a proper subject for release at this time, as well as to the issue whether the accused should be placed on probation.

In accordance with the foregoing, an order will enter.