## STATE OF CONNECTICUT *v*. RUDOLPH SAAVEDRA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. VP 14-63168

Argued July 29—decided October 4, 1968

*Zbigniew S. Rozbicki,* of Hartford, for the appellant (defendant).

*Cornelius J. Shea,* prosecuting attorney, for the appellee (state).

KOSICKI, J. The record and the brief transcript before us disclose the following facts. On September 7, 1966, the defendant was found guilty of the crime of nonsupport and sentenced *(Adorno, J.)* to a year in jail, execution suspended, and placed on probation for a period of two years. General Statutes § 54-111. No appeal from this judgment was taken. The records of the clerk for the fourteenth circuit show that probation was revoked on June 19, 1967,[1] a mittimus was issued on July 3, 1967, and the defendant began serving his term. Thereafter, for reasons which do not appear on the record before us, he was released from jail on January 10, 1968, and continued on probation without any modification of the sentence. The unexecuted balance of the sentence was 173 days. On the date of his re-

---

[1] Violation of probation is not an independent offense but constitutes grounds for the court to take further action with respect to the judgment originally entered.

lease, he was rearrested for violation of the conditions of probation imposed by the judgment of September 7, 1966. He then filed an appearance bond of $150 and was free on bail until the date of hearing —February 19, 1968. He had been advised of his rights by the presiding judge on January 10, 1968. At the date of hearing, he appeared and was represented by counsel. The court found that he had violated the conditions of probation, and probation was thereupon revoked. He was subsequently admitted to bail for the purposes of appeal. This bail was evidently the same cash amount as had been posted by the defendant on January 10 as an appearance bond. On March 4, 1968, the defendant for the first time filed a written notice of intent to appeal and asked for an extension of time of two weeks to prepare and file his appeal, inasmuch as a transcript of the proceedings had not been received although it was ordered on February 19. Practice Book §§ 954, 962. The extension was granted.

On March 19, 1968, the defendant made a further motion for an extension of time to perfect his appeal, and the court extended the time to April 5. Erroneously, the clerk's office notified counsel for the defendant that an extension had been granted to April 8. On that date, at 5:15 p.m., after office closing hours, a representative of the defendant brought in a paper, for filing by the clerk, purporting to be a motion for waiver of fees, costs and security for appeal and for cost of a transcript. This was received and marked by the clerk "Filed 5:15 P.M., April 8, 1968." At the same time, there was filed a paper purporting to be an affidavit of the defendant, dated April 4, stating that he was an indigent and unable to provide fees, costs, security and the transcript to effect his appeal. The photostatic copy of the supposed affidavit, which is part of the record, shows no signature of the defendant nor of the

officer before whom it was represented to have been sworn to and signed. The motion was denied by the court, and since the time for filing the appeal had passed, with no further extension requested or granted, the court ordered the appeal vacated and bail forfeited and that mittimus issue. This was done and service attempted, but the police, after diligent search and inquiry, were unable to find the defendant or even to learn of his whereabouts. It was undisputed during the hearing before us that the defendant's counsel was unable to locate him. The trial court could reasonably draw the inference that the defendant had secreted himself or had left this jurisdiction.

On May 3, 1968, the defendant's counsel filed a motion to reinstate the appeal and appeal bond and to vacate the mittimus. The sole grounds alleged in support of the motion were (1) that the defendant's counsel was not notified by the court before forfeiture so that the defendant could present himself in court and save his bond, and (2) that the appeal was vacated before the extension had terminated. There is no merit to either claim. The record shows that forfeiture of the bond was ordered on April 10 after a vain search for the missing defendant to take him into custody on the mittimus issued on April 8. It is also plain that at no time had the appeal been perfected. The matter before us is not an appeal from a judgment but for a review of the court's action as stated above. Practice Book §§ 692, 1023.

The foregoing lengthy recital of the proceedings in the trial court has been made necessary because of the obvious errors in procedure induced by counsel. The defendant had adopted the position throughout that he was entitled to an appeal from the order of the court revoking probation and requiring the unexpired portion of the sentence to be served.

While there may be situations in which an appeal might lie from such order, this is not one of them. The provisions for arrest and proceedings following an alleged violation of probation are contained in General Statutes § 54-114.[2] Nothing in the record shows that, with the exception of the attempted appeal, these have not been followed. The defendant was duly arrested, the nature of the violation was made known to him, he was represented by counsel, and he was given a hearing. Thus the constitutional requirements to which he was entitled were fulfilled. *Mempa* v. *Rhay*, 389 U.S. 128. What took place at the hearing we have no means of knowing from the

---

[2] "Sec. 54-114. ARREST FOR VIOLATION OF CONDITION OF RELEASE. At any time during probation or suspension of sentence as fixed under the provisions of section 54-113, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. Any such warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. Any probation officer may arrest such defendant without a warrant or may deputize any other officer with power of arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his release. Such written statement, delivered with the defendant by the arresting officer to the official in charge of any county jail or other place of detention, shall be sufficient warrant for the detention of the defendant. After making an arrest, such probation officer shall present to the detaining authorities a similar statement of the circumstances of violation. Provisions regarding release on bail of persons charged with crime shall be applicable to any defendant arrested under the provisions of this section. Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof and shall submit in writing a report showing in what manner the defendant has violated the conditions of his release. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged. If such violation is established, the court may continue or revoke the probation or suspension of sentence and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

record before us. Moreover, the defendant makes no mention of any errors committed at the hearing; his only claim is that his appeal was vacated by the court and he was ordered to serve the unexpired portion of the sentence.

The proceedings in this case are governed by § 54-114. It is the firmly established law that an appeal to an appellate tribunal may be taken only from a final judgment. See General Statutes § 51-265. "[I]n a criminal case the imposition of the sentence is the judgment of the court. *State* v. *Lindsay,* 109 Conn. 239 . . . ; *State* v. *Vaughan,* 71 Conn. 457, 458 . . . ." *State* v. *Smith,* 149 Conn. 487, 489; *State* v. *Langley,* 156 Conn. 598, 601. After revocation of probation, the original sentence remains as though it had not been suspended (except for the credit to be given for the part served). Two valid sentences for the same offense cannot coexist. *Roberts* v. *United States,* 320 U.S. 264, 266.

The leading case in Connecticut, often cited in federal and state jurisdictions, is *Belden* v. *Hugo,* 88 Conn. 500. It was there held, inter alia, that probation and commitment to the custody of a probation officer are not in any sense punishment of the probationer but are imposed for his moral improvement and reformation, as a result of which punishment might become unnecessary and its stigma avoided. Id., 504. Inasmuch as such commitment is not penal in character, it is not a substitute for a commitment to jail and does not reduce the unexpired portion of the sentence once the stay of execution is removed by revocation of probation. See *State* v. *Tomczyk,* 20 Conn. Sup. 67, 71; *Viel* v. *Potter,* 20 Conn. Sup. 173, 177; *Masucio* v. *Platt,* 8 Conn. Sup. 188, 190, 191; *State* v. *Florence,* 23 Conn. Sup. 176, 1 Conn. Cir. Ct. 161; *Kaplan* v. *Hecht,* 24 F.2d 664; *Nix* v. *James,* 7 F.2d 590, 594; note, 26 A.L.R. 399, 407.

In view of the opinion expressed above, there is nothing for us to resolve. The defendant's aborted appeal and the application to us for relief by some kind of rectification are of no avail. The order of the court, although inartfully termed a judgment, cannot be disturbed. We cannot reinstate an appeal which has no existence. We do not pass on the matter of forfeiture of the bond. So far as we know, the defendant is still at large, and he must first place himself personally in the custody of the law before any further proceedings regarding bail may be taken.

There is no error.

In this opinion JACOBS and MACDONALD, Js., concurred.