ADAM G. WIGGINS *v*. CARL ROBINSON, SUPERINTENDENT OF THE CONNECTICUT CORRECTIONAL INSTITUTION, CHESHIRE

| SUPERIOR COURT | NEW HAVEN COUNTY AT WATERBURY | FILE No. 36983 |
|---|---|---|

Memorandum filed August 29, 1972

*Richard Cramer,* of Hartford, for the plaintiff.

*Francis M. McDonald, Jr.,* state's attorney, for the defendant.

FITZGERALD, J. Section 18-73 of the General Statutes, concerning commitments, reads, for the purposes of this petition: "Any male person between the ages of sixteen and twenty-one years who is convicted in the superior court of an offense for which he may be punished by imprisonment for a shorter period than life, either in the Connecticut Correctional Institution, Somers, or in a community correctional center, may be committed to the Connecticut Correctional Institution, Cheshire, if he appears to the trial court to be amenable to reformatory methods. The judge imposing a sentence to the Connecticut Correctional Institution, Cheshire, may impose a term of indefinite imprisonment in said institution, or he may impose a sentence to a definite term of imprisonment therein for a specified period of time."

The following facts are not in dispute. The plaintiff, a male, was born June 29, 1950. On December 30, 1971, he was arrested on a charge of burglary in the second degree, to which he pleaded guilty in this court on February 2, 1972. Sentence imposed by the court (*McGrath, J.*) on the following day (February 3, 1972) was to the commissioner of correction at Cheshire (Connecticut Correctional Institution, Cheshire) "for not less than One (1) Year nor more than Three (3) Years."

The fact of the matter is that on the day of his sentence the plaintiff had already attained and passed his twenty-first birthday. That birthday had been reached and attained on June 29, 1971. On and after June 29, 1971, until he reached and attained his twenty-second birthday on June 29, 1972, the plaintiff would be in the twenty-second year of his life.

It is this court's construction of the statute in question that the Superior Court in sentencing the plaintiff on February 3, 1972, did so when he was no longer "between the ages of sixteen and twenty-one years." This is because the plaintiff had already attained, reached and passed his twenty-first birthday, and was then in the twenty-second year of his life.

On this ground alone, the plaintiff is entitled to be released from an illegal confinement. In being sentenced to the Connecticut Correctional Institution, Cheshire, he has lost additional credit he could have earned for "meritorious good time" under § 18-7 of the General Statutes.

So also the sentence imposed, for not less than one year nor more than three years, was neither "indefinite" nor "definite" for a term of imprisonment under the statute in question. In effect, the sentence imposed was, in character, an indeterminate sentence not authorized by the statute under consideration.

Judgment is required to be entered granting the issuance of the requested writ, with direction to the defendant to release the plaintiff forthwith from his custody.