BEA MICHAELS *v.* JANET S. YORK, DEPUTY COMMISSIONER OF CORRECTION

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 044009

Memorandum filed July 23, 1974

*Edward C. Lavallee,* assistant public defender, for the plaintiff.

*Paul J. Roshka, Jr.,* assistant prosecuting attorney, for the defendant.

BARBER, J. This is a habeas corpus proceeding alleging that the plaintiff is illegally confined under an illegal sentence imposed by the Circuit Court in the third circuit.

The plaintiff was convicted in the Circuit Court of the crime of illegal possession of a narcotic substance in violation of General Statutes § 19-481 (a), which provides for an imprisonment of not more than five years. The court sentenced the plaintiff

to the custody of the commissioner of correction "for a period of two and a half years," sentence to be suspended after six months with probation for three years. The mittimus issued by the clerk on June 12, 1973, recites only a total effective sentence of "6 months."

The pleadings admit that the plaintiff was released from custody following completion of the sentence indicated on the mittimus. Subsequently, on December 20, 1973, the plaintiff was found to be in violation of probation and was sentenced to serve a total effective sentence of two years and was ordered committed. The defendant's return alleges, as a conclusion of law, that the plaintiff is legally confined in accordance with the terms of the sentence imposed and the mittimus issued by the Circuit Court.

The plaintiff was required to be sentenced in accordance with the provisions of chapter 952 of the General Statutes. The purported sentence does not come within any inconsistency authorized by chapter 359, "Dependency-Producing Drugs." See General Statutes § 53a-28.

The sentence imposed by the court was a definite sentence. As such, it did not comply with our sentencing statutes. A court may impose a definite sentence for a felony, but it must fix a term of one year or less, otherwise the sentence must be indeterminate. General Statutes § 53a-35. Nor does § 18-65, as claimed by the defendant, permit such a definite sentence to the correctional institution at Niantic. That statute expressly states that the court shall "not fix the term of such commitment." The sentence imposed by the Circuit Court is not authorized by statute and is illegal. *Wiggins* v. *Robinson,* 30 Conn. Sup. 54, 56; 21 Am. Jur. 2d, Criminal Law, § 540. It is not claimed, nor is it

necessary to determine, under the circumstances, whether the Circuit Court exceeded its final constitutional jurisdiction. See *Szarwak* v. *Warden,* 31 Conn. Sup. 30, 36, aff'd in part, 167 Conn. 10, 46.

The power to suspend sentence and to place on probation after execution has begun has traditionally been a feature of a valid definite sentence. *State* v. *Tomczyk,* 20 Conn. Sup. 67, 70. While a court may suspend the balance of a definite sentence, General Statutes § 53a-39, an accused is subject to parole upon an indeterminate sentence. § 54-125. Because the original sentence in this case was fatally defective, any further commitment for violation of probation is illegal.

A prisoner should not be discharged until the valid part of the sentence, if any, has been served. *Leifert* v. *Turkington,* 115 Conn. 600, 603. Here, the plaintiff has served the portion of the sentence originally directed by the court. That portion of the sentence may not be enlarged. *Viel* v. *Potter,* 20 Conn. Sup. 173, 179. The plaintiff is entitled to be released from any further commitment for violation of probation upon the illegal sentence. 39 Am. Jur. 2d, Habeas Corpus, § 66.

Accordingly, the writ is granted and the plaintiff is ordered discharged from further custody under the revised mittimus for violation of probation.