[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On July 11, 1982, petitioner was sentenced on his plea of guilty to four to eight years, execution suspended after one year, with three years probation for attempted assault in the first degree in #CR7-63867, Judicial District of New Haven (Celotto, J.). He served one year (with good time) and was released on probation on or about May 6, 1983. On June 9, 1 9 8 6, petitioner admitted a violation of that probation and was sentenced to three to eight years in prison under the docket number CR6-258440, Judicial District of New Haven (Hadden, J.).
The parties have stipulated, by their counsel, that the original 1982 sentence was illegal, since that court "was without authority to impose an indeterminate sentence suspended after a definite time, with a period of probation." (Stipulation dated July 20, 1990.) They further agree that the "sentence imposed on June 9, 1986, . . . for violation of the probation order . . . was therefore also illegal."
ISSUE
Whether the adjudication of violation of probation should be dismissed and the petitioner immediately and unconditionally discharged or whether the Court should dismiss the violation of probation but reopen the original CT Page 682 sentence and resentence the petitioner to time served?
OPINION
Since the original sentencing court was without authority to suspend the sentence after a part had been served and thereafter commit the petitioner to a period of probation, it follows that he could not thereafter be found in violation of such probation and returned to prison." "Because the original sentence in this case was fatally defective, any further commitment for violation of probation is illegal." Michaels v. York, 31 Conn. Sup. 350, 352 (1974). The parties do not disagree on this point. They agree that the adjudication and sentence for violation of probation must be ordered vacated and dismissed. There is no claim that the petitioner can lawfully be incarcerated under either sentence any longer than he has already been held.
The question is, what can and should be done to modify the original illegal sentence. Petitioner argues that he must simply be discharged, while respondent seeks a resentencing to time served under the original conviction.
Petitioner has fully served the original sentence's term of incarceration (one year). He was in custody under the violation of probation sentence for several more years from on or before June 9, 1986, when it was imposed, until released on bond by the order of this Court. He spent more than three years committed to the custody of the probation department (from May 6, 1983, when released from the year's term of the original sentence, until on or about June 9, 1986, when the violation sentence was imposed).
Respondent seeks to modify the entire sentence, not just the invalid portion. When a sentence "is in excess of what the statute permits, it is not invalid in its entirety but only as to that portion which exceeds the statutory authority." United States v. Pridgeon, 153 U.S. 48, 62; Liberti v. York, 28 Conn. Sup. 9, 11 (1968).
 The great weight of authority is to the effect that a sentence which imposes a punishment in excess of the power of the court is not necessarily void in toto, but is valid when severable to the extent that the court had power to impose it although void as to the excess; and if the sentence is severable, the prisoner should not be discharged on habeas corpus until he has served the valid part of the sentence. Liefert v. Turkington, 115 Conn. 600, 603-604 (1932).
CT Page 683
A sentence of not more than one year in prison was a lawful sentence for felonies at the time petitioner's original sentence was imposed. Conn. Gen. Stat. Sec.53a-35 (c) (d), 53a-37; see also Michaels, supra, at 351. Thus, the one year incarceration portion of the original sentence was valid; only the suspended term and period of probation was illegal. The two portions are severable; the invalid portion is void.
"None of our prior cases has ever permitted the state to wield unlimited power in revising prison sentences." State v. Pina, 185 Conn. 473, 483 (1981).
 [T]he power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit. . . . After a substantial period of time, therefore, it might be fundamentally unfair, and thus violative of due process for a court to alter even an illegal sentence. . .
Breest v. Helgemoe, 579, F.2d 95, [579 F.2d 95], 101 (CA 1), cert. den. 439 U.S. 933, 99 S.Ct. 327 (1978), quoted in United States v. Villano, 816 F.2d 1448,1459 (Ca 10, 1987). In view of the time which has passed While petitioner has been incarcerated under illegal sentences, in view of the fact that the petitioner has served more time in prison than was legally permissible under the lawful portion of the original sentence and in view of the fact that the petitioner is not seeking to void the conviction, this Court concludes that the interests of justice would be served best by the following judgment:
1. The adjudication and sentence for violation of probation is vacated and dismissed.
2. The petitioner is ordered discharged.
SCHEINBLUM, J.