The People of the State of Illinois, Plaintiff-Appellee, *v.* L. C. "Fred" Harris, Defendant-Appellant.

(No. 71-132;

Fifth District—June 26, 1972.

L. C. "Fred" Harris, *pro se.*

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In June of 1967 the defendant, L. C. "Fred" Harris, entered a plea of guilty in the Circuit Court of St. Clair County to a charge of burglary. The defendant and his brother burglarized a service station and fled the police. The defendant was shot five times. Neither he nor his brother were armed. The defendant received five years probation.

A Petition for revocation of probation was filed alleging that the defendant violated his probation by failing to report to the probation department on fourteen occasions between October 1967 and September 1969,

that the defendant was out past eleven o'clock in violation of his probation when he was arrested at three thirty in the morning, and that he gave a fictitious address.

A hearing was held and revocation resulted. Defendant asked for a hearing in mitigation which was granted, but failed to appear. At a later date a subsequent hearing in mitigation was held at which time the defendant was present and represented by counsel. The defendant was sentenced at that time to serve five to fifteen years on the original charge of burglary.

■■ The defendant asserts on appeal that the time spent on probation should be credited to his penitentiary sentence. The Illinois Revised Statutes make no provision for credit for time on probation when that probation is revoked (ch. 38, sec. 117—3(d)), and this contention is therefore without merit.

■■ The defendant further maintains that the sentence of five to fifteen years is excessive and should be reduced. The sentence imposed upon the revocation of probation should relate directly to the crime of burglary and should not be a sentence for any possible crime committed after probation. (*People v. Turner*, 129 Ill.App.2d 24, 262 N.E.2d 379.) Being a first offense we feel that the sentence of five to fifteen years is excessive under the circumstances. The sentence is therefore reduced to a minimum of one year and a maximum of five years.

Affirmed as modified.

G. MORAN, P. J., and EBERSPACHER, J., concur.