Sidney (Sydney) Carlyle SOMMERS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57344.

Supreme Court of Missouri,
Division No. 1.

Sept. 10, 1973.

Herbert S. Brown, Trenton, Court appointed, for appellant.

John C. Danforth Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

BARDGETT, Presiding Judge.

Movant-appellant, Sidney (Sydney) Carlyle Sommers, appeals from the judgment of the circuit court overruling his Rule 27.-26, V.A.M.R. motion which sought to vacate a judgment of conviction entered on his plea of guilty to a charge of forgery, a felony, after an evidentiary hearing thereon. Appeal was filed prior to January 1, 1972. This court has jurisdiction. Mo. Const., Art. V, § 31 (1945) as amended, V.A.M.S.

Movant was charged with forgery, a felony under § 561.011, RSMo 1969. Counsel was appointed to represent movant on the charge.

On February 18, 1970, the case came on for trial. The prosecutor, movant, movant's attorney and movant's wife were present in court. Defense counsel indicated to the court that his client desired to plead guilty. Movant began to make a statement to the court and the court interrupted him indicating that it was not appropriate for defendant to make a statement concerning the matter until he had decided to plead guilty, if that was his desire, and recessed the matter in order that movant and his counsel could confer further on the matter. After movant and his counsel conferred, the parties and counsel again appeared in open court. The court advised movant of all of his rights, the nature of the charge, the range of punishment, etc. movant pled guilty. The court asked movant to tell what he had done. Movant told the court how he had forged a check; admitted he was guilty and asked for time to make restitution. Movant's wife testified that movant knew he was guilty and told the court about certain difficult circumstances that she, movant and their family were in and also said that they would like time to make restitution.

The court ordered a pre-sentence investigation and continued movant on his bond.

The pre-sentence investigation was done and the parties and attorneys again appeared in court on April 27, 1970, at which time the court considered the pre-sentence investigation report and, on movant's plea of guilty, sentenced him to five years imprisonment and immediately placed movant on probation. This was referred to by the court as "parole", but in the context of the situation was probation.

On November 23, 1970, the court held a hearing on certain charges of violation of conditions of probation. Movant was present and represented by counsel. The court received evidence of the probation violation. Movant admitted he did things he knew he couldn't do while on probation and asked the court to send him on to the penitentiary but to reduce the sentence.

The court revoked the probation, ordered the five-year sentence executed and refused to reduce the sentence.

On February 10, 1971, movant filed a pro se motion under Rule 27.26. A different attorney was appointed to represent movant and an amended Rule 27.26 motion was filed on movant's behalf. The court held an evidentiary hearing at which movant was present, represented by counsel, and testified.

The court thereafter made the following findings of fact: "The Court finds, by a preponderance of the evidence, that Movant, Sydney Carlyle Sommers:

■■■ (1) Was not suffering from a mental strain, defect or disease that would render his plea of guilty involuntary, and there was not sufficient credible evidence or facts shown that probable cause existed for a mental examination as to his competency at the time of entry of the plea of guilty and sentencing, or at this time.

(2) Was represented by experienced and capable legal counsel and received the effective assistance and advice of counsel.

(3) Voluntarily failed to make himself available and cooperate fully with his counsel, of which he now complains.

(4) Did receive the benefit of adequate investigation, advice and representation of counsel.

(5) Intelligently, knowingly, and voluntarily entered a plea of guilty as charged in the case of State of Missouri, Plaintiff, versus Sydney Carlyle Sommers, Defendant, Case No. 1326–C, in the Circuit Court of Grundy County, Missouri, after being fully advised by his counsel and the Court as to the nature of the charge and the range of punishment.

(6) Was sentenced to five years' confinement by the Department of Corrections of the State of Missouri and said Judgment and Sentence does not constitute cruel and unusual punishment.

(7) After being sentenced, was placed on bench parole or probation, and after violation of conditions of parole, and hearing, said parole was revoked without credit on the Judgment and Sentence for the period of time after his sentence and parole and prior to revocation of his parole.

(8) Was validly sentenced and judgment rendered against him, and all assignments to set aside said Judgment and Sentence are found against Movant, Sydney Carlyle Sommers."

Movant's motion for post-conviction relief was overruled.

This court has reviewed the record and concludes that the trial court's findings are correct and not clearly erroneous. The court has further concluded that an extended opinion is not in order as the case has no precedential value.

The judgment is affirmed.

All of the Judges concur.