STATE OF NORTH CAROLINA v. JOHN LEWIS DAVIS

No. 7322SC594

(Filed 19 September 1973)

Criminal Law § 138— revocation of probation — no credit for time spent on parole
    While the defendant on parole may have been under supervision of the rules and regulations of the Board of Paroles and the Department of Correction, nevertheless, he was "at liberty," and defendant was not entitled to any credit on his sentence for time spent on parole. G.S. 15-196.1; G.S. 148-61.1

APPEAL from *Rousseau, Judge,* 23 April 1973 Session, IREDELL County Superior Court.

The defendant filed a motion in the Superior Court of Iredell County to obtain credit on a prison sentence for time while he was on parole from 21 October 1971, until 22 March 1973. Judge Rousseau denied the credit and dismissed the petition and motion. The defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General John R. B. Matthis, for the State.*

*Warren A. Winthrop for the defendant appellant.*

CAMPBELL, Judge.

In August 1968 the defendant was sentenced to two years' imprisonment upon three charges of larceny which were con-

solidated for the purpose of the judgment. This sentence was suspended, and the defendant was placed upon probation for a period of three years. The defendant thereafter violated the terms of probation, and on 18 February 1971 the probation was revoked and the two years' active sentence placed into effect. In October 1971, the defendant was placed on parole and remained on parole until March 1973, when he was recommitted to the North Carolina Department of Correction to serve the remainder of his sentence. On 4 April 1973, the defendant filed a petition and motion for credit for the time he was on parole, namely, from 21 October 1971 until 22 March 1973.

The defendant relies upon North Carolina G.S. 15-196.1 which provides:

> "The term of a determinate sentence or the minimum and maximum term of an indeterminate sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody pending trial, trial de novo, appeal, retrial, or pending parole and probation revocation hearing: Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject."

The defendant argues that while he was on parole he was under supervision of the parole department and that this was tantamount to being in custody and confinement.

North Carolina G.S. 148-61.1 provides in part:

> "(a) . . . The time a parolee is at liberty on regular parole shall not be counted as any portion or part of the time served on his sentence, . . ."

We find no North Carolina case on the subject, but the federal courts have invariably held that time spent on parole is not to be credited on an active sentence. *Ham v. North Carolina*, 471 F. 2d 406 (4th Cir. 1973); *Hamrick v. Peyton*, 349 F. 2d 370 (4th Cir. 1965); *Hodge v. Markley*, 339 F. 2d 973 (7th Cir. 1965).

While the defendant on parole may have been under supervision of the rules and regulations of the Board of Paroles and the Department of Correction, nevertheless, he was "at liberty," and the defendant was not entitled to any credit on his prison sentence. The order of Judge Rousseau denying the motion and dismissing the petition was in all respects correct.

Affirmed.

Judges MORRIS and PARKER concur.