The People of the State of Illinois, Plaintiff-Appellee, v. Ivan Lowell Deckard, Defendant-Appellant.

(No. 61187;

First District (3rd Division)—September 18, 1975.

*Rehearing denied October 16, 1975.*

Paul Bradley and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before McGloon, P. J., Dempsey and Mejda, JJ.):

Ivan Lowell Deckard was charged by indictment with armed robbery and unlawful use of weapons (Ill. Rev. Stat. 1971, ch. 38, pars. 18—2

and 24—1(a)(4)). On February 5, 1974, he entered a negotiated plea of guilty and was sentenced to a term of seven years to seven years and one day on the charge of armed robbery and two years to six years on the charge of unlawful use of weapons, both sentences to run concurrently.

When the defendant's case was called for trial on February 5, 1974, defense counsel informed the trial judge that pursuant to a pretrial conference which had been held with the court, the defendant wished to enter a plea of guilty to both charges of the indictment. The trial judge informed the defendant that he was charged with the crimes of armed robbery and unlawful use of weapons and stated the facts which constituted each offense. The judge told the defendant that by entering a plea of guilty, he would waive his right to a bench trial, to a jury trial, his right to confront the witnesses against him by way of cross-examination, his right to bring in any witnesses he might desire to testify in his own behalf and he was advised of the possible statutory penalties for each of the crimes as provided in the Unified Code of Corrections. The defendant responded that aside from the pretrial conference, no promises or threats had been used to induce his plea of guilty. He stated that he understood that, as a result of the pretrial conference, upon his plea of guilty he would be sentenced to concurrent terms of seven years to seven years and one day on the charge of armed robbery and two years to six years on the charge of unlawful use of weapons. After the facts which provided a basis for the indictment were stipulated to by the parties, the defendant persisted in his plea of guilty which was then accepted by the trial court.

■■ The defendant's contention is that the trial court erred in sentencing him under the Unified Code of Corrections without informing him of his option to be sentenced under the law in effect at the time of the commission of the crime. The law in effect at the time of the commission of the crime provided that the penalty for armed robbery was an indeterminate term with a minimum of five years (Ill. Rev. Stat. 1971, ch. 38, par. 18—2) and that the penalty for the crime of unlawful use of weapons was an indeterminate term of from one to ten years (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(b)). Under the Unified Code of Corrections, armed robbery is a Class 1 felony (Ill. Rev. Stat. 1973, ch. 38, par. 18—2) the penalty for which is an indeterminate term with a minimum of four years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(2)), and unlawful use of weapons is a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b)), the penalty for which is an indeterminate term of from one to ten years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(4)). The Unified Code of Corrections provides that it applies to any offense which has not reached the sentencing stage or final adjudication stage if

the sentence under the Code is less than under the prior law upon which the prosecution was commenced (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4). Here, since the minimum possible sentence for the crime of armed robbery was five years under the law in effect at the time of the commission of the crime and was only four years under the Unified Code of Corrections, the Code provides for a lesser sentence and its provisions apply. *People v. Drungole* (1973), 16 Ill.App.3d 139, 305 N.E.2d 647.

■■  The defendant argues that the judge should have admonished him that any sentence under the Unified Code of Corrections carries with it a mandatory parole term which makes a sentence under the Code potentially greater than a sentence under the law in effect at the time of the commission of the crime. The defendant entered a negotiated plea of guilty while represented by counsel only after a pretrial conference with the court knowing the exact sentence which he would receive. Prior to accepting his plea of guilty, the judge advised him of the possible statutory penalties for each of the crimes charged as provided for under the Unified Code of Corrections. While the judge did not inform the defendant of the mandatory parole terms under the Unified Code of Corrections, there was no requirement at that time that a defendant be so admonished. (*People v. Krantz* (1974), 58 Ill.2d 187, 317 N.E.2d 559.) Subsequently, it was held in *People v. Wills* (1975), 61 Ill.2d 105, 330 N.E.2d 505, that such an admonition was necessary. The *Wills* court, however, expressly stated that its decision was to have prospective application only.

■■  The sentences imposed upon the defendant on both charges were permissible both under the law in effect at the time of the commission of the crime and under the Unified Code of Corrections. The defendant's plea negotiations were obviously entered into in an attempt to receive the lowest possible sentence. He received the sentence agreed to at the pretrial conference which was made part of the record prior to the acceptance of his plea of guilty. Neither he nor his counsel at any time objected when the trial judge admonished him as to the possible penalties provided for by the Unified Code of Corrections or when the judge imposed sentences pursuant to the Code. The admonishments given the defendant constituted substantial compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402).

We conclude that the defendant chose to be sentenced under the Unified Code of Corrections and that he voluntarily entered his negotiated pleas of guilty. (*People v. Jackson* (1975), 26 Ill.App.3d 825, 329 N.E.2d 411.) Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.