THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS ZBORALSKI, Defendant-Appellant.

(No. 74-308;

Third District—December 16, 1975.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (Jay Janssen, Assistant State's Attorney, and James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Thomas Zboralski, was indicted on counts of armed robbery and aggravated kidnapping. After pleading guilty to both counts in accord with plea negotiations, he was sentenced by the circuit court of Tazewell County to two concurrent terms in the penitentiary of from 15 to 30 years. On appeal the convictions were reversed for failure of the trial court to properly admonish Zboralski while taking his pleas. (*People v. Zboralski*, 15 Ill.App.3d 343, 304 N.E.2d 484.) After remand Zboralski again pleaded guilty to armed robbery and aggravated kidnapping pursuant to negotiations and was sentenced to two concurrent terms of imprisonment in the penitentiary of not less than 13 years nor more than

25 years to run concurrently with a sentence for attempt imposed in another county. This appeal is from the judgment for aggravated kidnapping and the sentences on both counts.

■■ Two issues are raised by defendant on this appeal. The first is whether the count in the indictment which purported to charge aggravated kidnapping alleged every material element of the offense of kidnapping, as required, because it failed to state the confinement of a child under the age of 13 occurred without the consent of her parent or legal guardian. As stated by the Illinois Supreme Court in *People v. Pujoue*, 61 Ill.2d 335, 339, 335 N.E.2d 437, "When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Grant*, 57 Ill.2d 264; *People v. Harvey*, 53 Ill.2d 585." In the instant case the count of the indictment charging aggravated kidnapping set forth all the elements required by statute and stated the name of the victim and the date and city where the offense occurred. Accordingly, we find defendant was sufficiently apprised of the precise offense charged with sufficient specificity to prepare his defense and also to use the conviction as a bar to future prosecution for the same conduct.

The second issue relates to the sentencing of defendant. Defendant raises two questions: (1) whether the trial court erred by sentencing him for armed robbery without giving him a choice of whether to be sentenced under the law in effect at the time of his offense or the law in effect at the time of the sentencing; and, (2) whether the court erred by sentencing him for aggravated kidnapping without indicating the sentence was being imposed under the law in effect at the time of the offense rather than the law in effect at the time of the sentencing. We hold no error was committed by the court regarding the sentencing of defendant.

■■ Defendant cites *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269, and *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1, for the proposition that a defendant may choose imposition of sentence under the new law when it provides for a lesser penalty than under the former law. Neither case actually holds defendant has a choice or that he must be told under which law he is being sentenced. The two cases do, however, support the general rule that where the new sentencing law provides for a lesser penalty than the former law the defendant is to be sentenced under the new law. Defendant argues the imposition of a mandatory parole term, as is provided under the new law, increases the severity of the sentence. However, the criteria for determining the lesser penalty is the actual term of imprisonment. *People v. Smith*, 10 Ill.App.3d 501, 296 N.E.2d 15.)

·The actual term of imprisonment imposed in this case was well above the prescribed minimum under either the new or the old law.

Furthermore, although the court in its order did not indicate under which law the defendant was sentenced, the trial court did indicate in its admonitions to defendant that the minimum sentence prescribed for each count was the lesser of the two laws, in that the court informed defendant that armed robbery carried a minimum sentence of four years (under the old law the minimum was five years) and aggravated kidnapping carried a minimum of two years (under the new law the minimum was four years). As noted above, in both instances the actual sentence imposed was well above the minimum under either the new or the old law.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.