Billy Ray HALL, Appellee,

v.

O. M. BOSTIC, Monroe Prison Unit and the Attorney General of the State of North Carolina, Appellant.

No. 75–1119.

United States Court of Appeals, Fourth Circuit.

Argued June 10, 1975.

Decided Dec. 16, 1975.

Certiorari Denied April 26, 1976. See 96 S.Ct. 1733.

Lawrence Young, Chapel Hill, N. C. [court-appointed counsel], for appellee.

Jacob Safron, Asst. Atty. Gen. (Rufus L. Edmisten, Atty. Gen., and Richard N. League, Asst. Atty. Gen., on brief), for appellant.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

Donald RUSSELL, Circuit Judge:

The petitioner, a North Carolina prisoner, pleaded guilty to the crime of forgery and was sentenced to seven years' imprisonment, suspended during probation for five years. Under the North Carolina probation statute, one who, under suspended sentence as was the petitioner, violates the conditions of his probation, is dealt with "as if there had been no probation or suspension of sentence"[1] and "his original sentence" is "automatically activated."[2] After serv-

---

1. § 15–200, General Statutes of North Carolina.

2. *Hewett v. State of North Carolina* (4th Cir. 1969) 415 F.2d 1316, 1319.

   *See, also, Roberts v. United States* (1943) 320 U.S. 264, 268, 64 S.Ct. 113, 88 L.Ed. 41 for

similarity with federal practice under § 3653, 18 U.S.C. Credit is allowed, however, for those sentenced under the Youth Corrections Act. *Viggiano v. United States* (S.D.N.Y.1967) 274 F.Supp. 985, 986.

ing four and a half years on probation, the petitioner had his probation revoked in proceedings had in conformity with these North Carolina procedures.[3] He claims the right to have credited on his seven year prison sentence the four and a half years during which he was on probation. The state court denied relief and this habeas action was filed in the District Court, which sustained the petitioner's claim and ordered the state authorities to credit time on probation against his forgery prison sentence. We reverse.

There is nothing unusual in the denial by North Carolina law of credit for probation or parole time against a prison sentence. It is common to both state and federal probation and parole systems.[4] The validity of such denial has been universally recognized both in federal and state decisions. The leading case to this effect is *Kaplan v. Hecht* (2d Cir. 1928) 24 F.2d 664, 665, in which the Court said:

"The second contention is that the time during which appellant was on probation must be credited upon the execution of the sentence of imprisonment imposed on November 2, 1927. The argument runs that, although on probation, he was not a free man, but was undergoing punishment and restraint in execution of the judgment of conviction, so that any imprisonment after December 8, 1927, the expiration of 18 months from the date he was placed on probation, amounts to a second punishment for the same crime, in violation of the Fifth Amendment. The fallacy of this argument is made at once apparent upon a consideration of the purpose of the Probation Act. This is clearly explained in the recent opinion of the Supreme Court, cited above, where the Chief Justice points out that probation is the attempted saving of a man who has taken one wrong step, and whom the judge thinks can be set again upon the path of rectitude, if an opportunity for re-

3. The record indicates forebearance on the part of the state court. There had been numerous claims of violations of probation on the part of the petitioner over the period but finally, its patience apparently exhausted, the state court revoked his probation. There was no claim made that the facts did not justify revocation under the North Carolina statute, though the District Court did find the statute exacting.

4. For cases dealing with probation: *Anglin v. Johnston* (7th Cir. 1974) 504 F.2d 1165, *cert. denied,* 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975); *United States v. Hawkins* (5th Cir. 1974) 492 F.2d 771, 772, *cert. denied,* 419 U.S. 1052, 95 S.Ct. 629, 42 L.Ed.2d 647; *United States v. Guzzi* (3d Cir. 1960) 275 F.2d 725; *Allen v. United States* (6th Cir. 1953) 209 F.2d 353, *cert. denied,* 347 U.S. 970, 74 S.Ct. 782, 98 L.Ed. 1111; *State v. Saavedra* (1968) 5 Conn. Cir. 367, 253 A.2d 677, 680; *Sommers v. Missouri* (Mo.1973) 498 S.W.2d 794; *Royalty v. McAdory* (Miss.1973) 278 So.2d 464; *Wilson v. State of Texas* (Tex.Cr.App.1971) 471 S.W.2d 416; *Quintero v. Texas* (Tex.Cr.App. 1971) 469 S.W.2d 189; *State of Arizona v. Tritle* (1971) 15 Ariz.App. 325, 488 P.2d 681; *State of Arizona v. Sanchez* (1973) 19 Ariz. App. 253, 506 P.2d 644; *State v. Lowdermilk* (1964) 245 Ind. 93, 195 N.E.2d 476; *State ex rel. Ahern v. Young* (1966) 273 Minn. 240, 141

N.W.2d 15; *People v. Gomez* (1972) 24 Cal. App.3d 486, 100 Cal.Rptr. 896; *State of Missouri v. Phillips* (Mo.1969) 443 S.W.2d 139; *Gehl v. People* (1967) 161 Colo. 535, 423 P.2d 332.

For cases dealing with parole: *Zerbst v. Kidwell* (1938) 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399; *Anderson v. Corall* (1923) 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; *Hamrick v. Peyton* (4th Cir. 1965) 349 F.2d 370, 372; *Hutchison v. United States* (10th Cir. 1971) 450 F.2d 930, 931; *United States v. Farrell* (8th Cir. 1937) 87 F.2d 957, 961; *State v. Davis* (1973) 19 N.C. App. 459, 199 S.E.2d 37, 38.

A number of states have by statute provided for such credit. Typical is the Illinois Statute, which specifically provides that, "[T]ime served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." *See People v. Taylor* (1974) 21 Ill.App.3d 702, 315 N.E.2d 914 at 916, where the statute is quoted. The rule in Illinois was the traditional one prior to the adoption of this statute. *People v. Harris* (1972) 6 Ill.App.3d 487, 285 N.E.2d 583, 584. New Mexico and Montana have somewhat similar statutes. *Cf., State of New Mexico v. Reinhart* (1968) 79 N.M. 36, 439 P.2d 554; *Barrows v. State of Montana* (1970) 155 Mont. 522, 474 P.2d 145.

form be given him before he is stigmatized with imprisonment and subjected to association with hardened convicts. Hence the judge is given the power to suspend sentence—a thing he could not do without legislation, after the decision in *Ex parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R. A.1917E, 1178, Ann.Cas.1917B, 355. The purpose is to avoid imprisonment so long as the guilty man gives promise of reform. Clearly, therefore, probation is not intended to be the equivalent of imprisonment. The aim of the statute is reformatory, not punitive, and its language carries this aim into effect. While we have found no decision under the Federal Probation Act which passes upon the contention that the prior probation must be credited upon a sentence of imprisonment imposed when probation is revoked, numerous cases under similar state statutes have adjudicated its lack of merit."

The District Court, however, relying on *Hart v. Coiner* (4th Cir. 1973) 483 F.2d 136, held that the activation of his original prison sentence by the revocation of his probation "deprived the [petitioner] of due process of law by subjecting him to additional punishment which has no rational relationship to the seriousness of the offenses which brought about revocation of the probation." The error in this reasoning is obvious. The petitioner, upon revocation of his suspended sentence, suffers imprisonment under a sentence, not for the matters that may have caused the revocation of his probation, but for the crime of forgery, of which he confessed guilt.[5] The validity of his sentence thus is to be measured by the crime for which it was imposed (*i. e.,* forgery) and not by the numerous derelictions that induced the state court to revoke his probation. So measured, there is no constitutional unreasonableness in the sentence imposed, as was found by the Court in *Hart v. Coiner, supra.* Nor is the refusal to credit probation time against the prison sentence double jeopardy,[6] or an extension or enlargement of the original sentence of seven years' imprisonment, "since the period of probation is not counted" as a part of the period of imprisonment.[7] A person does not serve a prison sentence while on probation or parole any more than he does while free on bail. In both instances, there are certain restrictions generally on the person's movements but the person's condition, as the Court observed in *Morrissey v. Brewer* (1972) 408 U.S. 471, 482, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 is "very different from that of confinement in a prison."

The judgment of the District Court granting the petitioner habeas relief is accordingly reversed, and the District Court is directed to dismiss as without merit the petition.

---

5. *State v. Pietsch* (1973) 109 Ariz. 261, 508 P.2d 337, 339; *People v. Turner* (1970) 129 Ill.App.2d 24, 262 N.E.2d 379, 380; *Davis v. Parker* (D.C.Del.1968) 293 F.Supp. 1388, 1394; *State v. Everett* (1913) 164 N.C. 399, 79 S.E. 274, 277; *Johnson v. State* (1959) 214 Ga. 818, 108 S.E.2d 313, 314.

6. *Anglin v. Johnston, supra,* 504 F.2d at 1168; *Kaplan v. Hecht, supra,* 24 F.2d at 665.

7. *Thomas v. United States* (10th Cir. 1964) 327 F.2d 795, 797, *cert. denied,* 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964); *King v. Commonwealth* (1923) 246 Mass. 57, 140 N.E. 253, 254.