THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN C. JOHNSON, JR. (Impleaded), Defendant-Appellant.

Fourth District   No. 13608

Opinion filed October 28, 1976.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant entered a plea of guilty to the offense of robbery and was placed on probation. Subsequently his probation was revoked and he was sentenced to a term of imprisonment. The sole question on appeal is whether defendant is entitled to credit for the time served on probation.

The issue on appeal arises because of the changes in sentencing law between the time the offense was committed and the time defendant was resentenced upon revocation of probation. For that reason, the crucial events are best viewed in chronological order.

December 15, 1972 — The alleged offense occurred.

December 20, 1972 — Defendant is indicted.

January 1, 1973 — The Unified Code of Corrections becomes effective. The new code contains mandatory parole terms and also mandatory credit for time served on probation.

February 26, 1973 — Defendant pleads guilty to robbery.

March 23, 1973 — A sentencing hearing was held. Defendant is given probation for three years.

July 1, 1974 — A change in the Code of Corrections becomes effective. Credit for time served on probation is no longer mandatory but discretionary with the trial court.

July 2, 1975 — Petition to revoke probation filed.

September 26, 1975 — Defendant found to have violated probation.

September 29, 1975 — Defendant receives a sentence of 1½ to 4½ years with credit for time served in the county jail (151 days).

At the original sentencing hearing in 1973 defendant was given the choice of being sentenced under the law in effect at the time of the offense or under the new Unified Code of Corrections. The only difference between the two pointed out on the record was the imposition of a mandatory 3-year parole term under the new Code. After consultation with counsel, defendant chose to be sentenced under the old law.

At the sentencing hearing in September 1975, the question arose as to whether defendant should be given credit for the time spent on probation. Both the defense and the State agreed that this decision was discretionary with the trial court. The trial court determined not to give credit but specifically stated that he was considering that time in determining the length of the sentence. The State recommended a sentence of 3 to 9 years. The court imposed a sentence of 1½ to 4½ years with credit for time served in the county jail.

■■ At the time of the sentencing hearing it was indeed the law that decision to credit defendant with the time served was discretionary with the trial court. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h).) However, at the time of the original sentencing hearing such credit was mandatory. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) If no other factors were involved, it is clear that defendant was entitled, under the cases, to the benefits of the sentencing law as it originally existed. *People v. Williams* (1975), 60 Ill. 2d 1, 332 N.E.2d 819; *People v. Willingham* (1976), 38 Ill. App. 3d 612, 349 N.E.2d 120.

The State argues, however, that defendant is bound by his choice in 1973 to be sentenced under the old law when such credit was not mandatory. (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(d); *People v. Harris* (1972), 6 Ill. App. 3d 487, 285 N.E.2d 583.) This contention finds some support in the cases. *People v. House* (1966), 73 Ill. App. 2d 345, 219 N.E.2d 580; *People v. Emmett* (1975), 34 Ill. App. 3d 167, 340 N.E.2d 235; *People v. Davis* (1976), 36 Ill. App. 3d 904, 344 N.E.2d 736.

The Second District has taken a different tack. That court has held that defendant does not have a right to choose which law applies. The general rule, they state, is that whichever law is less harsh is automatically applicable. (*People v. Zboralski* (1975), 33 Ill. App. 3d 912, 338 N.E.2d 925.) It should be pointed out that in *Zboralski*, the question was not whether defendant should be bound by his choice but whether it was error not to give him the choice. The Second District held that the criteria for determining which law is less harsh is the actual term of imprisonment and the mandatory parole term would be disregarded. Under those circumstances the mandatory probation credit would be determinative of which law was less harsh. *Zboralski; People v. Lutz* (1974), 17 Ill. App. 3d 1001, 309 N.E.2d 98.

■■ However, as the court in *Davis* points out that it is not always obvious whether the prior or the new law is more beneficial to defendant, and defendant must be given the opportunity to choose. Certainly that dilemma is illustrated in the present case where the tradeoff is between a 3-year mandatory parole term or credit for time served on probation. The mandatory parole term may result in an increase in the time spent in prison and defendant should be given an opportunity to determine which law is to his benefit. We see no reason in justice or logic why defendant should not be bound in this case to the choice he reached after consultation with counsel, particularly in view of the fact that the trial judge, in imposing sentence, gave substantial credit for the time spent on probation. Other cases have held that defendant must be consistent in his election; he cannot choose the parts of each which are to his benefit. *People v. Collins* (1976), 37 Ill. App. 3d 202, 345 N.E.2d 730; *Emmett.*

Accordingly the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

CRAVEN, P. J., and REARDON, J., concur.