STATE OF NORTH CAROLINA v. RICHARD CHARLES
O'CONNOR, JR.

No. 764SC444

(Filed 17 November 1976)

**Criminal Law § 145.1— probation revocation — absence of preliminary
hearing**

Due process did not require that defendant be accorded a pre-
liminary hearing after his arrest for violation of his probation where
defendant was served with a bill of particulars, arrested, and re-
leased on bond on the same day, and defendant remained free on bond
until the time of his probation revocation hearing.

APPEAL by defendant from *Lanier, Judge.* Judgment en-
tered 25 February 1976 in Superior Court, ONSLOW County.
Heard in the Court of Appeals 12 October 1976.

This appeal challenges the sufficiency of the proceedings
in revocation of defendant's probation.

Defendant was charged with the commission of a crime
against nature on 17 October 1975. On 6 January 1976 defend-
ant entered a plea of guilty to the charge and was sentenced to
a term of three to five years of imprisonment. The prison sen-
tence was suspended, and defendant was placed on probation
for two years.

On 23 January 1976 a bill of particulars and order of arrest
were issued charging that defendant violated the terms of his
probation by committing a crime against nature on 21 January
1976. The bill of particulars and order of arrest were served
on defendant on 27 January 1976, and defendant was released
on a $500.00 appearance bond on the same day.

Defendant appeared before Judge Lanier on 25 February
1976 for a fact-finding hearing upon the issue of whether he
had violated the terms of his probation as alleged in the bill of
particulars served on him on 27 January 1976.

Judge Lanier found as a fact from competent evidence that
defendant committed the crime against nature on 21 January
1976 and that this was a violation of the terms of probation.
Defendant offered no evidence to refute the charge.

Judge Lanier entered an order revoking the probation and
suspended sentence and ordered that defendant be imprisoned

for a term of not less than three nor more than five years as provided by the judgment entered 6 January 1976.

Defendant appealed.

*Attorney General Edmisten, by Associate Attorney David S. Crump, for the State.*

*Turner and Harrison, by F. W. Harrison, for the defendant.*

BROCK, Chief Judge.

Defendant argues on appeal that the order revoking his probation should be reversed because defendant was not accorded a preliminary hearing at the time of, or near the time of, his arrest. Defendant relies upon *Morrissey v. Brewer*, 408 U.S. 471, 33 L.Ed. 2d 484, 92 S.Ct. 2593 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L.Ed. 2d 656, 93 S.Ct. 1756 (1973).

*Morrissey v. Brewer, supra,* mandated both a preliminary and final revocation hearing in parole revocation proceedings. *Gagnon v. Scarpelli, supra,* applied the same reasoning in probation and suspended sentence revocation proceedings. The requirement of a preliminary hearing as promptly as convenient after arrest for parole violation as mandated in *Morrissey* was to afford the parolee minimal due process of law before he is deprived of the liberty he enjoyed on parole. The concern of the court in *Morrissey* was the arrest upon an allegation of violation of parole and the incarceration of a parolee for a substantial period of time before there can be a fact-finding hearing upon whether his parole should be revoked. Referring to the preliminary hearing stage mandated by *Morrissey*, it was stated: "Based on the information before him, the [hearing] officer should determine whether there is probable cause to hold the parolee for the final decision of the parole board on revocation. Such a determination would be sufficient to warrant the parolee's continued detention and return to the state correctional institution pending the final decision." *Morrissey v. Brewer, supra* at 487, 33 L.Ed. 2d at 498, 92 S.Ct. at 2603. *Gagnon v. Scarpelli, supra,* applied the reasoning and procedures outlined by *Morrissey* to procedures for revocation of probation or suspended sentences. Both cases, in mandating the preliminary hearing stage, were concerned with a possible unjustified incarceration of a parolee or probationer for a substantial period of time before a fact-finding hearing could be held.

The possible unjustified deprivation of the conditional liberty of a parolee or probationer is not involved in this case. The defendant was served with a bill of particulars, arrested, and released on bond, all in the same day. He was free until the time of the fact-finding hearing from which stemmed the revocation of his probation.

Defendant received every benefit he could have received from a preliminary hearing. Under such circumstances due process did not require that defendant be accorded a preliminary hearing.

The order revoking probation is

Affirmed.

Judges VAUGHN and MARTIN concur.