State v. Webb

STATE OF NORTH CAROLINA v. DEBORAH SPEIGHT WEBB

No. 7610SC441

(Filed 15 December 1976)

1. Criminal Law § 143— revocation of probation — absence of preliminary hearing

Defendant was not denied due process by the State's failure to give her a preliminary hearing prior to her probation revocation hearing where defendant was released on her own recognizance and thus was not deprived of her conditional liberty pending the probation revocation hearing.

2. Criminal Law § 143— probation revocation — misinterpretation of statutes — harmless error

Even if the trial court misinterpreted G.S. 15-200 and 15-200.1 by assuming that they gave the court no authority to continue defendant's probation when the court finds a violation of the terms of probation, defendant was not prejudiced by such interpretation where the record shows defendant violated one of the conditions of her probation and the trial judge made it clear that he intended to revoke her probation upon the finding of the violation.

**3. Criminal Law § 143— sentence — no credit for time spent on probation**
    The trial court did not err in failing to credit defendant with time spent on probation when it activated defendant's suspended sentence.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 23 January 1976 in Superior Court, WAKE County. Heard in Court of Appeals 12 October 1976.

On 27 June 1974 defendant, Deborah Speight Webb, pleaded guilty to two charges of possession of marijuana with intent to distribute and was sentenced to a prison term of four years for the first charge and a consecutive term of one to five years for the second charge. The sentence was suspended, and defendant was placed on probation for five years. On 25 August 1975 the State moved to revoke defendant's probation and activate her suspended sentence, alleging that on 29 January 1975 she had been in possession of various controlled substances in violation of the terms of her probation. At the hearing on the motion, the State offered evidence tending to show the following:

On the night of 29 January 1975 Alfred C. Stewart, Jr., a Greensboro policeman, was assigned to work as a security officer at a rock concert at the Greensboro Coliseum. As defendant entered the coliseum for the concert, Stewart noticed a bulge in her right jacket pocket and asked her what was in the pocket. She handed him a bottle containing a liquid which looked and smelled like liquor, and he arrested her for possession of alcoholic beverages in the coliseum. He reached into her left pocket and removed two plastic bags containing pills and a white powder. Shortly thereafter he observed her dropping two hand-rolled cigarettes from her left hand, and he seized these cigarettes. The pills and powder were analyzed by the SBI and were found to contain ethchlorvynol, pentobarbital and phencyclidine, all of which are controlled substances. The cigarettes were found to contain marijuana.

From the order of the court revoking her probation and activating her prison sentence, defendant appealed.

*Attorney General Edmisten by Special Deputy John R. B. Matthis for the State.*

*Tharrington, Smith & Hargrove by Wade M. Smith for defendant appellant.*

State v. Webb

HEDRICK, Judge.

[1]  Defendant first contends the North Carolina procedure for the revocation of probation as applied to the defendant in this case does not comply with the due process requirements mandated by *Morrisey v. Brewer,* 408 U.S. 471, 33 L.Ed. 2d 484, 92 S.Ct. 2593 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L.Ed. 2d 656, 93 S.Ct. 1756 (1973). For a succinct analysis of the cited cases see the decision of this Court in *State v. O'Connor,* 31 N.C. App. 518, 229 S.E. 2d 705 (1976). In *O'Connor* Chief Judge Brock wrote:

> "Both cases, in mandating the preliminary hearing stage, were concerned with the possible unjustified incarceration of a parolee or probationer for a substantial period of time before a fact-finding hearing could be held.
>
> The possible unjustified deprivation of the conditional liberty of a parolee or probationer is not involved in this case. The defendant was served with a bill of particulars, arrested, and released on bond, all in the same day. He was free until the time of the fact-finding hearing from which stemmed the revocation of his probation.
>
> Defendant received every benefit he could have received from a preliminary hearing. Under such circumstances due process did not require that defendant be accorded a preliminary hearing." *Id.* at 519-20, 229 S.E. 2d at 707.

In this case, while defendant was on probation, she was arrested and charged with possession of controlled substances in Guilford County. When the latter case came up for trial in Guilford County Superior Court, the State decided not to prosecute the defendant, but instead filed a motion to have her probation revoked, and defendant was released upon her own recognizance to appear in the Wake County Superior Court for a hearing in the present case on the State's motion to have her probation revoked. Thus it is clear that the defendant was not deprived of her conditional liberty pending the revocation-of-probation hearing. This assignment of error is without merit.

[2]  Next defendant contends the court erred to her prejudice by misinterpreting G.S. 15-200 and 15-200.1, "by assuming they give the court no authority to continue appellant's probation where the court finds a violation of the terms of probation."

Before revoking defendant's probation and activating her prison sentence, Judge Godwin made a statement to counsel regarding his authority to revoke defendant's probation upon a finding that the terms and conditions of her probation had been violated. This statement, which is reproduced in the record, is the basis of this assignment of error. The statement lends itself to a variety of interpretations. Assuming *arguendo* that the court was in error in its interpretation of its authority under G.S. 15-200 and 15-200.1, defendant has failed to show that she was prejudiced in any way by the court's interpretation of the statutes. The record makes it quite clear that defendant had violated one of the conditions of her probation, and the judge in his statement made it equally clear that he intended to revoke her probation upon the finding of the violation. This assignment of error is without merit.

[3] Finally, citing *Hall v. Bostic,* 391 F. Supp. 1297 (W.D.N.C. 1974), defendant contends the court erred in failing to credit her with time served on probation when it activated her suspended sentence. The case relied upon by defendant was reversed by the Fourth Circuit Court of Appeals in *Hall v. Bostic,* 529 F. 2d 990 (4th Cir. 1975). In reversing the case relied upon by defendant the Court said, "There is nothing unusual in the denial by North Carolina law of credit for probation or parole time against a prison sentence. It is common to both state and federal probation and parole systems. The validity of such denial has been universally recognized both in federal and state decisions." *Id.* at 991. This assignment of error is not sustained.

The order appealed from is

Affirmed.

Judges MORRIS and ARNOLD concur.