THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED BEDFORD, Defendant-Appellant.

First District (3rd Division)   No. 76-1257

Opinion filed September 28, 1977.—Supplemental opinion filed on denial of rehearing November 16, 1977.

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kenneth T. McCurry, and Margaret K. Stanton, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:
Fred Bedford was found guilty in a bench trial of armed robbery (Ill. Rev. Stat. 1971, ch. 38, par. 18—2) and sentenced to a term of 4 to 7 years. He contends in this appeal that his motions for discharge under the

speedy trial act (Ill. Rev. Stat. 1975, ch. 38, par. 103—5) were improperly denied. He also contends that his sentence was improper, since he was neither advised of nor permitted to exercise his right to elect between sentencing under the statute in effect at the time of the offense and under the statute in effect at the time of sentencing.

Defendant was arrested on March 28, 1974, and, commencing the next day, remained in custody continuously. On August 5, 1974, through his private counsel, he filed a motion for discharge under section 103—5 of the Code of Criminal Procedure, claiming that he had been in custody since March 29, 1974; that he was responsible for no delays in bringing his case to trial; and that more than 120 days had elapsed while he was held in custody without his having been brought to trial. The motion was presented on the day it was filed to a different judge than the one who presided at later stages of these proceedings and at defendant's trial.

Defense counsel argued that the "half sheets" showed defendant was not responsible for the delays from the date of his arrest to the filing of the motion for discharge. The State argued that the trial was delayed by reassignment of the case to a different courtroom on April 16, 1974 (and as it later developed, also on April 18, 1974); that the "half sheets" did not disclose who was responsible for these reassignments; that the State's file indicated the reassignment of April 16 was occasioned by defendant; that only the transcript of proceedings for that date could settle the question, since the transcript takes precedence over the "half sheets" and, in any event, the "half sheets" were ambiguous; that it was defendant's burden to show he had not caused the delay which he argued entitled him to acquittal; and that if the defense wished a continuance to obtain the transcript, such a request would constitute a delay in the trial and break the 120-day term which had recommenced in April and was due to expire on August 13, 1974.

On August 5, 1974, when the motion to discharge was presented, the State informed the court and the defendant it was ready for trial. Defense counsel requested a continuance to August 9, 1974, which was granted, to enable him to get the April 16 transcript and stated, "I am willing to break the term as of today in order to decide the question of the term being up today." And, on the record, defendant stated he understood and approved of what his attorney was doing.

The sequence of events which followed the August 5, 1974, continuance was:

August 9, 1974: Defense counsel represented that the transcript was still unavailable, and requested another continuance, which was granted, until August 16, 1974. Defense counsel expressly advised the court that the continuance was on defendant's motion rather than by agreement.

August 16, 1974: The matter came on for hearing before Judge Albert S. Porter, who presided at all further proceedings in this case, and defendant requested a continuance of 1 week because the transcript was not ready. The case was continued until August 23, 1974.

August 23, 1974: Although the April 16 transcript was not yet available, the court heard evidence on the motion for discharge. That evidence consisted of defendant's testimony that he had been incarcerated in the county jail since March 29, 1974, neither he nor his counsel had requested any continuances, the case was transferred to a different branch of the court on April 16, 1974, because defendant indicated he wished to plead guilty, and on April 18, 1974, the defendant changed his mind and decided not to plead guilty. The State then requested a continuance until the transcript could be made available, and the matter was continued until September 3, 1974, on the State's motion.

September 3, 1974: On motion of the State, the matter was continued until September 9, 1974, and on that date it was continued until September 10, 1974, on the court's motion.

On September 10, 1974, the transcripts of proceedings for April 16, 1974, and for April 18, 1974, were available. They disclosed that on April 16 defendant had indicated a desire to enter a guilty plea. The case then was reassigned for April 18, 1974, to a judge authorized to accept a plea of guilty in a felony case, but when defendant appeared 2 days later before the new judge, defendant stated he had changed his mind and wished to continue in his plea of not guilty. That judge then announced that the case would be assigned to the preliminary hearing court for April 19, 1974, but defense counsel requested that it be reset for April 26, 1974, and the court continued the matter to that date.

After reviewing this entire sequence of events, Judge Porter denied the August 5 motion for discharge on the ground that defendant had occasioned delay on April 18, 1974, which broke the 120-day term and extended the new term beyond August 5, 1974. At that point in the September 10 hearing, defendant presented a second motion for discharge, claiming he had been denied his right to a speedy trial, since the record demonstrated that he had caused no delay in the trial between the April 26 date and September 10, and that more than 120 days had run between those dates. Judge Porter denied this motion for discharge, ruling that defendant was responsible for delays on August 5, August 9 and August 16 when he requested continuances to obtain a transcript to support his August 5 motion for discharge, and that the 120-day term commenced to run from August 26, 1974, the date to which defendant requested and was granted his last continuance.

Defendant argues on this appeal, as he did at the September 10 hearing,

that a motion for discharge does not cause a delay in the trial of a case and, therefore, his August 5 motion for discharge did not break the running of the 120-day term. Defendant also argues that the delay involved in obtaining the transcripts of the April 16 and April 18 hearings was attributable to the State, and not to the defendant, since defendant demonstrated by the "half sheets" that he caused no delay during the period in question, while the State contested that assertion and was requesting production of the transcripts on August 5 and thereafter in support of its own position.

■■ The burden is on an accused to demonstrate his eligibility for discharge under the speedy trial act. (*People v. Beyah* (1977), 67 Ill. 2d 423, 367 N.E.2d 1334.) The record must establish the jurisdictional fact involved and, in addition to the mere passage of time, the accused must show that the delay in the trial was not attributable to him. *People v. Behning* (1970), 130 Ill. App. 2d 536, 539, 263 N.E.2d 607.

■■ Defendant occasioned a delay in the trial on April 16 by causing the case to be reassigned so he could enter a guilty plea, thus halting the State's preparation for trial, and then by deciding on April 18 that he would not plead guilty. He occasioned a further delay on April 18 by his counsel's request for a continuance to April 26 instead of April 19, the new date the court originally announced on April 18. Under the applicable precedents, this conduct attributable to defendant broke the running of the 120-day term, which began to run again on April 26, 1974.

■■ Defendant acknowledged on August 5, on August 9 and again on August 16 that he was unable to discharge his burden of showing he did not delay the trial because he lacked the transcripts of the earlier hearings, and he requested continuances until August 26, 1974, to present the transcripts. The record shows that defense counsel conceded he was breaking the term in moving for continuances; this disposes of this issue, since the rule is that a request by a defendant for a continuance tolls the 120-day period. *People v. Donalson* (1976), 64 Ill. 2d 536, 540, 356 N.E.2d 776; *People v. Gooding* (1975), 61 Ill. 2d 298, 300, 335 N.E.2d 769.

■■ Defendant, however, argues that despite his express requests for continuances on three different dates in August 1974, and his concession that his conduct had broken the running of the 120-day term which had started on April 26, 1974, he should not be charged with any delay in August 1974 because the burden of producing the April 16 transcript rested with the State. This contention is unsound because, as pointed out above, the burden of establishing a violation of the right to a speedy trial rests with the defendant. (*Beyah.*) Defendant did not discharge this burden by his reliance on the "half sheets" because they were ambiguous and failed to establish who was responsible for the entries on April 16 and

18. Realizing this, defense counsel asked for time to get the transcripts which were the only source that might possibly assist his client. As Judge Porter concluded, when obtained, the transcripts only demonstrated defendant was responsible for the delay instead of assisting his case. It would be an ironic twist to hold that the continuances defendant requested to obtain evidence which ultimately only invalidated his motion for discharge should entitle him to discharge.

Defendant is not assisted by *People v. Tamborski* (1953), 415 Ill. 466, 114 N.E.2d 649, on which he relies. *Tamborski* did not hold, as defendant contends it did, that the filing of a motion for discharge *ipso facto* cannot constitute a delay attributable to the accused. *Tamborski* is distinguishable because defendant in that case did not, as *Bedford* did here, request a continuance or ask for time to produce evidence to support what would be a fruitless motion; he simply moved for discharge. *Tamborski*, at 473.

Accordingly, both of defendant's motions for discharge under the speedy trial act were properly denied here.

■■ Defendant also contends that he should have been permitted to elect between sentencing under the statute in effect at the time of the offense and sentencing under the statute in effect at the time of his trial. We agree.

The statute in effect at the time of the offense provided that armed robbery was punishable by a term of imprisonment of 5 years to any number of years over 5; no parole term was mandated by this statute. (Ill. Rev. Stat. 1971, ch. 38, par. 18—2(b).) The statute in effect at the time of trial, on the other hand, designated that armed robbery was a Class 1 felony not punishable by death, carrying a minimum term of 4 years, a maximum term of more than 4 years, and a mandatory parole term of 5 years. Ill. Rev. Stat. 1973, ch. 38, pars. 18—2(b), 1005—8—1(b), 1005—8—1(c)(2) and 1005—8—1(e)(1).

The question here is not, as the State claims, whether the later statute is more beneficial to defendant than was the earlier statute (see *People v. Zboralski* (1975), 33 Ill. App. 3d 912, 338 N.E.2d 925), but whether defendant was permitted to exercise his right to elect between sentencing under either of those statutes. (*People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710; *People v. James* (1970), 46 Ill. 2d 71, 263 N.E.2d 5; see also *People v. Gonzalez* (1974), 56 Ill. 2d 453, 308 N.E.2d 587.) Defendant here states he should have been free to choose between the two types of sentences and that he was denied the right to make that personal choice. Because of the two different statutory provisions for sentencing, and the record's failure to demonstrate that he was given the opportunity to make

that choice, the matter must be remanded for resentencing. *Hollins*, at 71; *James*, at 73; *People v. Brown* (1977), 47 Ill. App. 3d 920, 365 N.E.2d 514.

We are aware that defendant already has been sentenced to a minimum statutory term of 4 years, while if he elects to be sentenced under the law applicable at the time of the offense instead, the lowest term to which he could be sentenced is 5 years. A resentencing in accordance with the latter statute would work no constitutional disadvantage to defendant, however, since he had a right to intelligently and voluntarily choose between that sentence, which lacks a parole provision, and the alternative statute which carries with it a lower minimum term but also a mandatory parole period. See *Blackledge v. Perry* (1974), 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098; *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072; *People v. Baze* (1969), 43 Ill. 2d 298, 253 N.E.2d 392.

For the foregoing reasons, the defendant's conviction for armed robbery is affirmed. The sentence imposed is vacated, and the cause is remanded to permit defendant to elect between sentencing under the statute in effect at the time of the offense and the statute in effect at the time of sentencing, and for imposition of an appropriate sentence.

Affirmed in part, vacated in part and remanded with directions.

McNAMARA and JIGANTI, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:
Fred Bedford was found guilty at a bench trial of armed robbery and sentenced to a term of 4 to 7 years. On appeal he contended in part that his sentence was improper because he was neither advised of nor permitted to exercise his right to elect between sentencing under the statute in effect at the time of the offense and the statute in effect at the time of sentencing. This court affirmed defendant's conviction, but vacated the sentence and remanded the cause with directions to permit him to exercise his right to elect under which statute he would be sentenced. The State has filed a petition for rehearing.

The State's petition initially asserts that the defendant need not have been given the opportunity to elect between the two sentencing provisions, since the provision under which he was sentenced at trial was more beneficial to him than the alternate provision could have been.

■■ The defendant here was sentenced under the statute in effect at

the time of his sentencing, the Unified Code of Corrections. The code provides that armed robbery is punishable by a minimum term of 4 years, a maximum term of more than 4 years, and a mandatory parole term of 5 years. (Ill. Rev. Stat. 1973, ch. 38, pars. 18—2(b), 1005—8—1(b)(2), 1005—8—1(c)(2) and 1005—8—1(e)(1).) The statute in effect at the time of the offense stated that the crime carried an imprisonment term of 5 years to any number of years over 5, with no parole term mandated. Ill. Rev. Stat. 1971, ch. 38, par. 18—2(b).

As the court noted recently in *People v. Brown* (1977), 47 Ill. App. 3d 920, 932-33, 365 N.E.2d 514, it is not always obvious whether the prior law or the new code is more beneficial to a defendant; a defendant may wish to take advantage of the possibility of periodic imprisonment under the new code, or he may choose not to serve the mandatory parole time required by the new code, after his release from prison. Although in *People v. Zboralski* (1975), 33 Ill. App. 3d 912, 913, 338 N.E.2d 925, the court did hold that a defendant has no right to choose between the two sentencing provisions if he is sentenced under the law providing for a "lesser penalty" in the actual term of imprisonment, we prefer the approach followed by the *Brown* court. Therefore, we reaffirm the rule, as our original opinion did, that fundamental fairness requires that the defendant be given the chance to choose the sentencing alternative he considers more desirable. *Brown*, at 933; see *People v. Hollins* (1972), 51 Ill. 2d 68, 71, 280 N.E.2d 710.

The State suggests that this court overlooked the prior decision in *People v. Deckard* (1975), 32 Ill. App. 3d 497, 336 N.E.2d 614, in its original opinion. That decision was not overlooked by this court in its consideration of this case; it was not referred to in the court's opinion because it involved a negotiated plea of guilty, while the defendant here was convicted after trial.

The State further argues that the supreme court's holding in *People v. Gonzalez* (1974), 56 Ill. 2d 453, 308 N.E.2d 587, upon which this court in part based its determination in this case, demonstrates that there is no "absolute right" to an election between statutes, where the claim that the accused would have benefited from the earlier statute is purely speculative. This contention lacks merit. *Gonzalez* was an appeal from a dismissal of a post-conviction petition. Moreover, confronted with the question of whether a constitutional violation existed, the supreme court in *Gonzalez* stated that the matter of the election did not reach constitutional dimension. And, as in *Deckard*, the defendant in *Gonzalez* entered a negotiated plea to the offense.

The State also asks that this court withdraw its remandment of the cause and direct defendant to here make an election between the two

provisions, a course of action which might obviate the need for remandment. However, for practical reasons, this court is not the proper tribunal in which such election should be made. The trial court is better suited to handle such matters.

Finally, the State asks that this court grant the petition for rehearing to clarify its position vis-a-vis the *Deckard* case. *Deckard*, noted above, is distinguishable on the ground that in that case, a negotiated plea was entered which, as *Gonzalez* noted, constituted "an agreed resolution" of the case. The instant holding is not at odds with *Deckard*.

We find no basis upon which to alter our original disposition of this matter. For these reasons we deny the State's petition for rehearing.

Petition for rehearing denied.

McNAMARA and JIGANTI, JJ., concur.